[Civ. No. 4443. First Appellate District, Division Two.—May 5, 1923.]

GENERAL MOTORS ACCEPTANCE CORPORATION (a Corporation), Respondent, v. JOSEPH CODIGA, Appellant.

[1] Place of Trial—Stipulation of Parties to Change—When Effective.—In the event parties to an action stipulate that the place of trial of the action may be changed to a different county, their stipulation will have no force or effect unless the trial court sees fit to make an order changing the place of trial in accordance with the stipulation; in other words, parties to litigation may not as of right stipulate away the jurisdiction of any court.

[2] Id.—Covenant in Promissory Note—Jurisdiction—Waiver.—A covenant in a promissory note authorizing, "irrevocably, any attorney at law, to appear" for the maker of the note "in any court of record in the United States and waive the issue and service of process and confess a judgment against" the maker "in favor of the holder . . . for such amount as may appear to be unpaid," does not give the holder of such note the right to the trial of an action thereon in any court of competent jurisdiction or deprive the maker of his statutory right to change the place of trial to a different county.

----

1. Validity and enforceability of stipulation between parties fixing place of trial in particular county, note, Ann Cas. 1912C, 815.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for change of place of trial. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Nutter, Hancock & Rutherford, Frank R. Wehe and C. S. Morbio for Appellant.

Haswell & Pierce, for Respondent.

STURTEVANT, J.—The defendant was sued on a promissory note and at the time that he appeared in the action he filed a demurrer and moved to change the place of trial of the action from the superior court of the state of California in and for the city and county of San Francisco to the superior court in and for the county of San Joaquin. His motion was denied and the defendant has appealed.

The record does not disclose any points with reference to the form of any paper, nor any question as to procedure, except as to the following matters. In its complaint the plaintiff pleaded an action on a promissory note and in doing so it set forth a complete copy of the note and the indorsements thereon. In its reply to the defendant's moving papers, the plaintiff filed a counter-affidavit in which it set forth certain of the covenants contained in the note, and thereupon it based its contention "That by reason of such right as provided for in said note, plaintiff corporation as the holder in due course of said note has brought the action hereinabove referred to in the superior court of the state of California, in and for the city and county of San Francisco." If the passages contained in the promissory note sustained the plaintiff's position, then the judgment should be affirmed, otherwise it should be reversed. Those passages, in so far as they are pertinent to the question before this court, are as follows:

"And I (we) hereby authorize, irrevocably, any attorney-at-law, to appear for me (us) in any court of record in the United States and waive the issue and service of process and confess a judgment against me (us) in favor of the

holder hereof, for such amount as may appear to be unpaid hereon, together with costs.

"And I (we) agree in the event this note be placed in the hands of an attorney for collection, to pay 15% of the amount due hereon as attorneys' fees.

"And I (we) hereby agree to waive all benefits of valuation, appraisement and exemption laws, and all rights of appeal, and to release all errors."

The respondent at once claims that the language "in any court of record of the United States" for manifest reasons should be construed as though it were written in any superior court of the state of California, and thereupon the respondent contends that the covenants quoted entitle the respondent to claim that, " 'The greater' (right to judgment against defendant by confession in any court of competent jurisdiction) includes 'the less' (the right to the trial of an action on such cause in any court of competent jurisdiction)." To support it in this contention, the respondent cites and relies on *State ex rel. Schwabacher Co.* v. *Superior Court,* 61 Wash. 681 [Ann. Cas. 1912C, 814, 112 Pac. 927]. The case does not support the clai... In the Schwabacher case the contract before the court contained a passage as follows: "And in case suit be brought to collect this note or any part thereof . . . the maker agrees that the venue of said suit or action, may be laid in King County, Washington." Furthermore, section 216, Rem. & Bal. Code of the state of Washington, provides: "Notwithstanding the provisions of section 209, all the parties to the action by stipulation in writing . . . may agree that the place of trial be changed to any county of the state, and thereupon the court must order the change agreed upon." [1] In California we have no such statute; but, in the event that the parties stipulate, their stipulation will have no force or effect unless the trial court sees fit to make an order changing the place of trial in accordance with the stipulation of the parties. In other words, in California, parties to litigation may not as of right stipulate away the jurisdiction of any court. [2] In the second place, the covenant contained in the instrument before the court in the Schwabacher case contained language that is quite different from the language contained in the note which was the subject matter of this suit. The respondent does not claim that the

courts have any power to make contracts for the parties, but the respondent has cited many authorities and has made many arguments to the effect that the covenant contained in the note in suit should be given the same construction as the covenant contained in the note involved in the Schwabacher case.   It will serve no purpose for us to answer each one of those arguments.   It is patent from a most cursory reading of the covenants which we have quoted above that the covenants do not singly or collectively speak on the subject of the place of trial.   The first covenant authorizes any attorney at law to appear and confess judgment; the second covenant provides for the allowance and the amount of an attorney fee; and the third covenant waives numerous rights, but does not even purport to mention a motion to change the venue.   Counsel do not claim that either of the two latter elements is involved in this appeal.   The first element is invalid because it is in violation of section 1133 of the Code of Civil Procedure.   The respondent does not even claim that it is a valid covenant within the provisions of our code, but contends that it is so broad as to support the respondent's position in this case.   With this claim we cannot agree.   It is not so written on the face of the paper, and with reference to contracts such as the one before the court, courts are not inclined to go out of their way, when confronted with an invalid covenant, to search for ways and means of saving perchance something from the wreck and thus placing an interpretation on the contract which the parties never wrote therein.   (*Bordere* v. *Den,* 106 Cal. 594, 600 [39 Pac. 946].)   A similar contention was made to the supreme court of Washington (*Kanaskat Lumber & Shingle Co.* v. *Cascade Timber Co.,* 80. Wash. 561 [142 Pac. 15]); to that contention the court replied as follows:

"The duty of courts when construing questioned contracts to search out the intention of the parties is well established, but that duty arises out of an ambiguity or omission that demands the reception of testimony to illustrate their meaning, or to harmonize apparent conflict.

"There is a presumption of finality which attends all written contracts, and courts will not deliberately raise doubts or conjure ambiguities for the mere pleasure of construing them. (*Fairbanks Steam Shovel Co.* v. *Holt & Jeffery,* 79 Wash. 361 [140 Pac. 394].)

"Nor will the fact that a party has made a hard or improvident bargain warrant the court in binding the other party to terms raised by construction or implication."

As there was no other question involved, it follows that the motion to change the venue should have been granted. The order denying the motion is reversed.

Nourse, J., and Langdon, P. J., concurred.