[L.A. No. 30559. July 12, 1976.]

SMITH, VALENTINO & SMITH, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
LIFE ASSURANCE COMPANY OF PENNSYLVANIA,
Real Party in Interest.

## Counsel

Kirsch, Arak & Bulmash and Jay S. Bulmash for Petitioner.

No appearance for Respondent.

DeMarco, Barger, Beral & Pierno and Kent Keller for Real Party in Interest.

## Opinion

**RICHARDSON, J.**—In this mandate action we consider the extent to which California courts in breach of contract actions may give effect to a contractual forum selection clause providing for trial of the action in another state. Relying on such a clause, the trial court herein found that the Pennsylvania forum specified in the contract was the proper forum for trial of the present action, and consequently issued an order staying proceedings in this state. We conclude that the trial court acted within its discretion in doing so.

Petitioner Smith, Valentino & Smith, Inc. (Smith) is a California corporation. Real party in interest Life Assurance Company of Pennsylvania (Assurance) is a Pennsylvania corporation doing business in California. In March 1973, the two corporations entered into a contract by which Smith was appointed the "managing general agent" to

represent Assurance in soliciting group insurance policies in California and other western states. The contract included a reciprocal forum selection clause whereunder Smith agreed to bring all actions arising out of the agency agreement only in Philadelphia, and Assurance in turn agreed to bring all such actions only in Los Angeles.

Despite the provisions of this clause, in November 1974 Smith filed in the Los Angeles Superior Court a "Complaint for Breach of Contract, For Intentional Interference With Advantageous Business Relationships, and for Unfair Competition" against Assurance. Assurance moved for dismissal on the basis of the forum selection clause and Code of Civil Procedure section 410.30, subdivision (a), which provides: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." Smith opposed this motion on the basis that Smith's intended witnesses were all residents of California and that Smith was financially unable to bear the extra cost incident to the prosecution of the action in Philadelphia.

The trial court denied Assurance's motion to dismiss but stayed all proceedings until further order, finding that the proper forum for trial under the terms of the agreement was Philadelphia. Smith seeks a peremptory writ of mandate commanding the court to vacate its stay order and to permit the action to proceed, contending that the forum selection clause is either void per se or unenforceable on the facts of this case. We disagree.

Preliminarily we note that the clause in question, in addition to designating the proper forum for litigation, also provides that Pennsylvania law is to govern disputes concerning the contract. Such choice of law provisions are usually respected by California courts. (*Windsor Mills, Inc.* v. *Collins & Aikman Corp.* (1972) 25 Cal.App.3d 987, 995, fn. 6 [101 Cal.Rptr. 347], hg. den.; see Rest.2d Conflict of Laws, § 187.) Assuming that Pennsylvania law applies, we observe that the courts of that state have held that forum selection clauses will be given effect unless the party assailing the clause establishes that its enforcement would be unreasonable, i.e., that the forum selected would be unavailable or unable to accomplish substantial justice. (*Central Contracting Co.* v. *C. E. Youngdahl & Co.* (1965) 418 Pa. 122 [209 A.2d 810].) As we develop below, the Pennsylvania rule appears to represent the modern trend on the subject.

Nonetheless, Smith contends that the subject clause is void and unenforceable as violative of California's declared public policy. In support, Smith cites *General Acceptance Corp.* v. *Robinson* (1929) 207 Cal. 285, 289 [277 P. 1039]; *Beirut Universal Bank* v. *Superior Court* (1969) 268 Cal.App.2d 832, 843 [74 Cal.Rptr. 333], and *General Motors Accept. Corp.* v. *Codiga* (1923) 62 Cal.App. 117 [216 P. 383]. These cases do recite the general rule that the parties may not, by private agreement, "oust" the jurisdiction of the courts by preventing a court from hearing a cause otherwise within its jurisdiction. In the *General Acceptance* case, for example, the parties had attempted to specify the county in which contract disputes would be tried. We held the contractual provision void since it would contravene general statutory provisions which designate the proper counties in which actions may be tried. Forum selection clauses, in contrast, violate no such carefully conceived statutory patterns.

The assertion that forum selection clauses are void per se as constituting attempts to oust the courts of their jurisdiction has been challenged as ". . . hardly more than a vestigial legal fiction" which ". . . reflects something of a provincial attitude regarding the fairness of other tribunals." (*The Bremen* v. *Zapata Off-Shore Co.* (1972) 407 U.S. 1, 12 [32 L.Ed.2d 513, 521, 92 S.Ct. 1907] [enforcing clause in admiralty case].)

While it is true that the parties may not *deprive* courts of their jurisdiction over causes by private agreement (see Rest.2d Conflict of Laws, § 80, com. a), it is readily apparent that courts possess discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum. ■ Moreover, although we have acknowledged a policy favoring access to California courts by resident plaintiffs (see *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 742 [59 Cal.Rptr. 101, 427 P.2d 765]), we likewise conclude that the policy is satisfied in those cases where, as here, a plaintiff has freely and voluntarily negotiated away his right to a California forum. In so holding we are in accord with the modern trend which favors enforceability of such forum selection clauses. (See *The Bremen* v. *Zapata Off-Shore Co., supra,* 407 U.S. 1; *Central Contracting Co.* v. *Maryland Casualty Co.* (3d Cir. 1966) 367 F.2d 341, 344-345; *Reeves* v. *Chem Industrial Company* (1972) 262 Ore. 95 [495 P.2d 729, 731-732]; Rest.2d Conflict of Laws, § 80; Annot. 56 A.L.R.2d 300.)

No satisfying reason of public policy has been suggested why enforcement should be denied a forum selection clause appearing in a

contract entered into freely and voluntarily by parties who have negotiated at arm's length. For the foregoing reasons, we conclude that forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable. While *General Acceptance Corp. v. Robinson, supra,* 207 Cal. 285, is factually distinguishable and, accordingly, may be said to rest upon policy considerations not involved in the present action, nevertheless to the extent that the rationale of *General Acceptance* is inconsistent with our opinion, we decline to follow it.

■    We turn to the question whether Smith has carried its burden of establishing that enforcement of the present clause would be unreasonable. Although Smith relies upon the factors of inconvenience and expense of a Pennsylvania forum, both Smith and Assurance reasonably can be held to have contemplated in negotiating their agreement the additional expense and inconvenience attendant on the litigation of their respective claims in a distant forum; such matters are inherent in a reciprocal clause of this type. As stated in *Central Contracting Co. v. C. E. Youngdahl & Co., supra,* 209 A.2d 810, 816, "Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things." (Accord, *The Bremen v. Zapata Off-Shore Co., supra,* 407 U.S. 1, 16-18 [32 L.Ed.2d 513, 523-525].) Moreover, although Smith's witnesses may reside in California, no reason appears why their testimony might not be obtained by deposition or at trial, at Smith's expense. Finally, since the trial court stayed the present action rather than dismissing it, the court has retained continuing jurisdiction over the cause. Should the Pennsylvania courts become unavailable for some unforeseeable reason, Smith may seek to reinstate its California action.

■    Smith offers two additional arguments in opposition to enforcement of the clause. First, Smith asserts that, two months before it filed the present action, Assurance itself breached the forum selection clause by filing against Smith a "Complaint of Foreign Attachment" in the Court of Common Pleas of Philadelphia, with Provident Mutual Life Ins. Co. of Philadelphia, a Pennsylvania corporation, as garnishee. Smith was served notice of these proceedings and failed to appear. Accordingly, a default judgment was entered in favor of Assurance. Smith now urges that Assurance's alleged prior breach should bar Assurance from enforcing the clause against Smith.

Although we agree that Assurance's conduct in this regard was a relevant factor to be considered by the trial court in determining whether enforcement of the clause would be unreasonable, we cannot say that the prior Pennsylvania action constituted an absolute bar to enforcement of the clause in the present action. Institution of the earlier Pennsylvania proceedings may indeed have constituted a breach of the clause, but Smith elected to ignore that breach, thus permitting Assurance to enter a default judgment against Smith. Under both California and Pennsylvania law, objections to the venue of an action are waived unless promptly presented. (See *Hohlstein* v. *Hohlstein* (1972) 223 Pa.Super. 348 [296 A.2d 886, 888]; *Brock* v. *Superior Court* (1947) 29 Cal.2d 629, 634-635 [177 P.2d 273, 170 A.L.R. 521].) Moreover, given the relatively minor nature of the prior action when compared to the present proceedings, the trial court reasonably might have concluded that Assurance's prior breach of the clause was de minimis.

■    Finally, Smith contends that the clause is limited in its application to breach of contract actions and should not apply to the tort counts in Smith's complaint. These counts (unfair competition and intentional interference with advantageous business relationships) arose directly out of Smith's contractual relationship with Assurance and reasonably may be interpreted as falling within the clause which provides for a Pennsylvania forum to litigate "Any actions or proceedings instituted by . . . [Smith] under this Agreement with respect to any matters arising under *or growing out of this agreement, . . .*" (Italics added.)

The alternative writ heretofore issued is discharged and the peremptory writ denied.

Wright, C. J., McComb, J., Tobriner, J., Sullivan, J., and Clark, J., concurred.

**MOSK, J.**—I dissent.

Any analysis of this problem should begin with recognition of three basic precepts. First, while the private interests of litigants may be considered, the public interest is paramount. (*Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481, 485 [47 Cal.Rptr. 201, 407 P.2d 1].) Second, unless a balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. (*Price* v. *Atchison, T. & S. F. Ry. Co.* (1954) 42 Cal.2d 577, 585 [268 P.2d 457, 43 A.L.R.2d 756].) Third,

California has an overriding public policy favoring access to its courts by resident litigants. (*Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 742 [59 Cal.Rptr. 101, 427 P.2d 765].)

Petitioner asserts the forum selection clause of the contract involved herein is void and unenforceable. Its contention is supported by ample authority. (*General Acceptance Corp.* v. *Robinson* (1929) 207 Cal. 285, 289 [277 P. 1039]; *Beirut Universal Bank* v. *Superior Court* (1969) 268 Cal.App.2d 832, 843 [74 Cal.Rptr. 333]; *General Motors Accept. Corp.* v. *Codiga* (1923) 62 Cal.App. 117, 119 [216 P. 383].) It is significant that the majority cite no California cases upholding this type of forum shopping by prearrangement. And without citation of authority from any source they attempt to carve a finely honed dichotomy between a court deprived of jurisdiction by agreement and a court declining to exercise jurisdiction because of an agreement. To a plaintiff denied an opportunity to be heard in the courts of his home state such a gossamer thin distinction is of dubious comfort.

The rule was well stated by the court in *Beirut Universal Bank, supra,* at page 843, citing Corbin: " 'It is a generally accepted rule in the United States that an express provision in a contract that no suit shall be maintained thereon, except in a particular court or in the courts of a particular county, state or nation, is not effective to deprive any court of jurisdiction that it otherwise could have over litigation based on that contract.' (6A Corbin on Contracts (1962) § 1445, p. 477.)"

Certainly it cannot be disputed that absent the clause in the agreement the courts of California would otherwise have jurisdiction over this litigation. Thus the agreement is not effective to deprive the courts of their jurisdiction.

The majority rely on *The Bremen* v. *Zapata Off-Shore Co.* (1972) 407 U.S. 1 [32 L.Ed.2d 513, 92 S.Ct. 1907]. But they overlook Chief Justice Burger's observation in that case that "Forum-selection clauses have historically not been favored by American courts. Many courts, federal and state, have declined to enforce such clauses on the ground that they were 'contrary to public policy,' or that their effect was to 'oust the jurisdiction' of the court." (*Id.,* at p. 9 [32 L.Ed.2d at p. 520]; fn. omitted.) Nevertheless, the court concluded that such clauses are enforceable "by federal district courts sitting in *admiralty.*" (*Id.,* at p. 10 [32 L.Ed.2d at pp. 520-521]; italics added.) The court did not direct that admiralty law is to be adapted to state courts in determining their jurisdiction.

Without regard to the forum selection clause and the issue of its validity, there is an additional persuasive reason not to deny petitioner its day in a California court.

The motion of the real party in interest was made under section 410.30 of the Code of Civil Procedure, the statute that gives recognition to the doctrine of forum non conveniens. As the Judicial Council comment to the section indicates, the doctrine of inconvenient forum is "typically applied to litigation where all of the parties are out-of-state residents and where the cause of action arose outside the forum state." (14 West's Annot. Code Civ. Proc. (1973 ed.) p. 493.) In this instance we have *a California resident bringing a lawsuit against a company doing business in California on a contract calling for personal services to be rendered in California.* Pennsylvania is only tangentially involved as the home office of the defendant corporation. By no rationale can it be contended that Pennsylvania is a more convenient forum, under the standards enumerated in the comment to section 410.30. (*Id.,* at pp. 491-492.)

Finally, the respondent corporation's plea that fairness dictates the litigation be tried in Pennsylvania deserves little sympathy because of its conduct in having previously deliberately breached the very forum selection clause it now seeks to enforce.

Prior to institution of this lawsuit in California by petitioner, the real party in interest filed an action in Pennsylvania for breach of contract, contrary to the forum selection clause which obligated it to bring such proceedings here. Its reason, candidly admitted in its briefs, was to avoid precipitating massive litigation involving all claims of the parties under the agreement. For tactical purposes it chose a piecemeal approach to resolving an apparently formidable controversy. The result of this shrewd maneuver is that the Pennsylvania company's suit has already been tried in Pennsylvania, contrary to the agreement, while the California agency's suit will also be heard in Pennsylvania, purportedly pursuant to the agreement. In weighing which forum is the more appropriate our courts should not exercise their discretion to reward this type of gamesmanship.

I would issue the writ.