CEDARBROOK ASSOCIATES, et al.

v.

EQUITEC SAVINGS BANK.

Civ. A. No. 87–2175.

United States District Court,
E.D. Pennsylvania.

Oct. 13, 1987.

Gilbert B. Abramson, Thomas S. McNamara, Bruce L. Thall, Abramson, Cogan, Kogan, Freeman & Thall, P.C., Philadelphia, Pa., for plaintiffs.

William H. Ewing, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., Robert T. Sullwold, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendant.

## ORDER/MEMORANDUM

LUDWIG, District Judge.

Defendant Equitec Savings Bank moves to dismiss for improper venue. Fed.R. Civ.P. 12(b)(3).

Plaintiffs sued to compel the performance of a loan commitment of $13.5 million, dated January 24, 1986, given by defendant on the refinancing of the Cedarbrook Shopping Mall, located in Wyncote, Pennsylvania. Plaintiffs are Pennsylvania citizens and defendant is a California corporation. The motion involves the validity of the following choice of forum clause set forth in the parties' agreement:

37. *Choice of Law and Jurisdiction.* This Loan Commitment is deemed to be entered into in Alameda County in the State of California, and interpreted according to the laws of the State of California. The Borrower consents in all actions and proceedings arising directly or indirectly from this agreement to the exclusive jurisdiction of any State Court

within Alameda County, State of California.

Plaintiffs argue that the ruling should be deferred so that facts may be developed by discovery showing that enforcement of the clause would be unjust and unreasonable.

■ The standard for determining the enforceability of a forum selection clause is the same under Pennsylvania, California, and federal law. It is, therefore, unnecessary to resolve the applicability of federal or state law as to the pertinent choice of laws. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir.), *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983).

■ Under this commonly held standard, a forum selection clause is unjust and unreasonable when obtained fraudulently or where enforcement would violate a strong public policy of the forum or effectively deprive the other party of his day in court. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 209 A.2d 810 (1965); *Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal.3d 491, 131 Cal. Rptr. 374, 551 P.2d 1206 (1976). The party opposing the forum selection provision has the heavy burden of proving that the clause should not be enforced. This burden requires more than a showing, for example, of inconvenience or additional expense. *M/S Bremen*, 407 U.S. at 16–19, 92 S.Ct. at 1916–17; *Central Contracting Co.*, 418 Pa. at 133, 209 A.2d at 816; *Smith, Valentino & Smith, Inc.*, 17 Cal.3d at 496, 131 Cal.Rptr. at 377, 551 P.2d at 1209.

■ Plaintiffs assert that the forum selection clause was not freely negotiated and was inserted in the parties' agreement without their knowledge. Plaintiffs claim that because of their need to obtain refinancing, they were forced to accept the choice of forum dictated by defendant. These are coercive factors, they assert, that amount to fraudulent conduct.

Plaintiffs, however, are sophisticated real estate investors; they are not unexperienced borrowers. They initialed each page of the loan agreement, including the page containing the forum selection clause, which is set forth in a paragraph entitled "Choice of Law and Jurisdiction." They cannot say they were unaware of the provision. *See, e.g., D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708, 714 (D.R.I.1983). Because of these distinctions, cases cited by plaintiffs in which a forum selection clause was contracted for without the other party's advance knowledge or where the other party was required to sign the agreement, are not helpful here.

■ Plaintiffs also contend that enforcement of the forum selection clause would be unreasonable because the loan commitment was accepted and the loan was to be performed in Pennsylvania, and plaintiffs' documents and witnesses are located here. Defendant's documents and at least one of its important witnesses are in California. Another important witness is a resident of Texas. As between the two forums, one side is bound to be inconvenienced. Therefore, the balance does not strongly weigh against enforcement of the forum selection clause. *See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 277 (9th Cir.1984). The critical point is that trial in California, while possibly inconvenient and expensive to plaintiffs, will not deprive them of their day in court, and they do not claim it would do so. Plaintiffs have not carried their burden. *See M/S Bremen*, 407 U.S. at 18, 92 S.Ct. at 1917.

Accordingly, this action is dismissed without prejudice.