PATTERSON, Judge.
The appellant challenges the denial of its motion to dismiss the appellees’ complaint for improper venue. The appellant contends that the trial court should have dismissed the complaint based on the forum selection clause contained in the parties’ contract. Under the circumstances presented here, we agree and reverse.
The parties entered into a lease agreement on June 19, 1989, whereby the appellant leased property, termed an “industrial center,” located in Yorba Linda, California, from appellee Yorba Linda Commercenter Associates. The lease contemplated notices and rent payments to be sent to the *850 lessor in Newport Beach, California. The contract showed that the appellant corporation was located in St. Petersburg, Florida. Paragraph twenty-nine of the lease states:
Binding Effect; Choice of Law.... This Lease shall be governed by the laws of the State where the Industrial Center is located and any litigation concerning this Lease between the parties hereto shall be initiated in the county in which the Industrial Center is located.
Around August 1, 1990, the appellant vacated the premises and stopped paying rent. Thereafter, the appellees brought an action in Pinellas County, Florida, against the appellant for breach of the lease agreement. The apparent basis for jurisdiction was the allegation that the appellant’s principal place of business is in Pinellas County, Florida. The appellant moved to dismiss the amended complaint and alleged improper venue based on paragraph twenty-nine of the lease. After hearing, the court entered an order denying the motion to dismiss. This appeal of a nonfinal order follows, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
Under the present circumstances, the forum selection clause contained in the lease is enforceable and does not violate the strong public policy of Florida or California. See Manrique v. Fabbri, 493 So.2d 437 (Fla.1986); Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles County, 17 Cal.3d 491, 131 Cal.Rptr. 374, 551 P.2d 1206 (1976). The appellees argue that Smith, Valentino & Smith, Inc. supports their position and distinguishes a “forum selection” clause from a “venue selection” clause. That case, however, upheld a forum selection clause which called for litigation to occur in a particular city, Philadelphia. The court held that “courts possess discretion to decline to exercise jurisdiction in recognition of the parties’ free and voluntary choice of a different forum.” Smith, Valentino & Smith, Inc., 131 Cal.Rptr. at 377, 551 P.2d at 1209, quoted in Manrique, 493 So.2d at 440 (emphasis in original).
Here, the trial court abused its discretion when it refused to enforce the parties’ agreement. The only connection with Florida is the appellant’s principal place of business. The appellee partnership is in California, the leased property is in California, and presumably, the witnesses are in California. Thus, rather than being unreasonable, the California forum is particularly reasonable. Furthermore, the parties have not shown that choice of the California forum was the result of unequal bargaining power.
As recognized in both Manrique and Smith, Valentino & Smith, Inc., the modern trend is to enforce reasonable forum selection clauses. Thus, we reverse the trial court’s order denying the appellant’s motion to dismiss and remand the cause with directions that the trial court dismiss the action.
FRANK, A.C.J., and ALTENBERND, J., concur.