FULMER, Judge.
In these consolidated, interlocutory appeals, Southwall Technologies, Inc., and V-Kool, Inc., challenge the trial court’s denial of their motions to dismiss a breach of contract suit filed against them by Hurricane Glass Shield. We reverse.
Hurricane signed a contract with South-wall containing a mandatory forum selection clause that set venue for disputes in California. Hurricane signed a contract with V-Kool containing a mandatory forum selection clause that set venue for disputes in Texas. Notwithstanding these contractual provisions, Hurricane filed suit in Florida against Southwall and V-Kool, who then moved to dismiss for improper venue. At the hearing on the motion to dismiss, Hurricane argued that it would be unreasonable to force it to conduct separate trials in California and Texas. The trial court accepted this argument and denied the motions to dismiss.
In Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986), the supreme court held that forum selection clauses should be enforced unless it would be unreasonable or unjust to do so. The supreme court further stated that the test of unreasonableness is not mere inconvenience or additional expense. Forum selection clauses in contracts should be enforced unless “trial in the contractual forum will be so gravely difficult and inconvenient that [the party seeking to avoid the forum selection clause] will for all practical purposes be deprived of his day in court.” 493 So.2d at 440 n. 4. Hurricane’s reasons for filing suit in Florida related solely to convenience and expense. Nothing was argued that rose to the level of unreasonableness described by the supreme court in Manrique. See also Straight, Inc. v. Yorba Linda Commercenter Assocs., 594 So.2d 849 (Fla. 2d DCA 1992) (holding that trial court abused its discretion in refusing to enforce forum selection clause). Therefore, we reverse and remand for the trial court to dismiss the case based on improper venue.
Reversed and remanded with directions.
DAVIS and KELLY, JJ„ concur.