Susan G. SWENSON, Plaintiff,

v.

T–MOBILE USA, INC., a Delaware Corp., Defendant.

No. 05CV2028BTM(WMC).

United States District Court, S.D. California.

Jan. 26, 2006.

Marc A. Fenster, Russ August and Kabat, Los Angeles, CA, for Plaintiff.

Luke G. Anderson, Preston Gates & Ellis LLP, Irvine, CA, Ramona M. Emerson, Karl J. Quackenbush, Preston Gates & Ellis LLP, Seattle, WA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT

MOSKOWITZ, District Judge.

Currently before the Court are Plaintiff Susan Swenson's motion for summary judgment and Defendant T–Mobile's motion to dismiss, stay, or transfer the proceedings. The dispute arises out of non-compete provisions included in several documents signed by Swenson in connection with her previous employment with T–Mobile. For the reasons discussed below, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** Plaintiff's motion for summary judgment as moot.

## I. Background

T–Mobile is a telecommunications company which provides wireless voice, messaging, and high speed data service throughout the U.S. It is a Delaware corporation with its principal place of business in Bellevue, Washington. Plaintiff Swenson, a California citizen, joined T–Mobile as its chief operating officer ("COO") in February 2004. As a condition to employment, Swenson signed several agreements which included one year non-compete provisions. She also participated in the T–Mobile incentive stock option plan and the 2005 executive compensation plan, which included non-compete provisions.

Swenson first entered into a Restrictive Covenant and Confidentiality Agreement ("2004 Employment Agreement"), which was dated January 5, 2004. Emerson Decl., Ex. 2, p. 14, 22. The agreement contained a one year covenant not to compete which prohibited Swenson from working or otherwise assisting "a business that is substantially the same as or similar to Employer's Business or that competes with Employer's Business, directly or indirectly, within the applicable commercial mobile radio services market." *Id.*, Ex. 2, p. 17. This Agreement further provided that it would be governed by Washington law and that the employee consented to jurisdiction and venue in King County, Washington. *Id.*, Ex. 2, p. 19.

On July 20, 2004, Swenson signed a second agreement as a condition to being granted stock options for which she was eligible. *Id.*, Ex. 2., p. 34. This agreement, like the 2004 Employment Agreement, contained a one year covenant not to compete and provided that state and/or federal courts in King County would have jurisdiction and venue. *Id.*, Ex. 2, pp. 26, 28. Swenson also participated in T–Mobile's 2005 Supplemental Performance Cash Plan, which included a non-compete agreement and provided for application of Washington law. *Id.*, Ex. 2, pp. 47, 49. However, this agreement, which Swenson signed in June 2005, expressly stated that the covenants do not apply to California

residents. *Id.,* Ex. 2, p. 47. Lastly, Swenson signed a 2005 Employment Agreement, which provided her with additional consideration. This agreement again provided a one year non-compete and provided for the application of Washington law. *Id.,* Ex. 2, pp. 57–59.

On Friday, October 21, 2005, after less than 2 years of work at T–Mobile, Swenson left her job with T–Mobile, intending to become COO of Amp'd Mobile, a start-up cellular company based in California. On the following Monday, October 24, 2005, T–Mobile filed a lawsuit seeking to enforce the non-compete provisions of the employment contract. As provided for in the employment agreements, the suit was filed in King County Superior Court in Seattle. T–Mobile's complaint alleged causes of action for breach of contract and misappropriation of trade secrets. T–Mobile also filed a motion for a TRO seeking to enjoin Swenson from violating the non-compete clauses in her agreement with the company.

On October 26, 2005, Plaintiff commenced a declaratory relief action against Defendant T–Mobile in Superior Court in San Diego. Her complaint sought a declaration that the non-compete provisions of her employment agreements are subject to California law and that they violate the express terms of Cal. Bus. and Prof.Code § 16600, which states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The following day, T–Mobile removed Plaintiff's action to federal court, claiming that jurisdiction was proper under 28 U.S.C. § 1332 due to the complete diversity of the parties. Swenson in turn filed a motion to remand, claiming that her declaratory relief action did not satisfy the amount in controversy requirement. On November 21, 2005, this Court denied Plaintiff's motion to remand, finding that her declaratory relief action satisfied the amount in controversy requirement.

## II. Washington State Court Proceeding

As stated, on October 24, 2005, T–Mobile filed a complaint in Superior Court in Washington, seeking to enforce the non-compete provisions of its contract with Swenson. Two days later, it filed a motion for a temporary restraining order to enjoin Swenson from accepting employment with Amp'd Mobile. The Honorable John Erlick of King County Superior Court in Seattle, Washington granted T–Mobile's request for a TRO on November 1, 2005. Emerson Decl., Ex.7.

T–Mobile subsequently moved for a preliminary injunction. On November 30, 2005, Judge Erlick granted the preliminary injunction. He found that Washington law applied and that it permitted the use of reasonable non-compete agreements to protect an employer's confidential information and trade secrets. *Id.,* at Ex. 9, p. 131. The Court found that Swenson's employment with Amp'd presented a significant risk of disclosure of T–Mobile's confidential information, and that the one year non-compete provisions were reasonably necessary to protect T–Mobile's legitimate business interests. *Id.* at Ex. 9, p. 132.

In his analysis, Judge Erlick rejected Swenson's contentions that California law applied. He reasoned that both California and Washington utilize § 187 of the Restatement (Second) of Conflict of Laws, which provides that a contractual choice of law is valid, subject to two exceptions. Because neither of those exceptions applied, Washington law was the appropriate law to apply. *Id.* at Ex. 9, pp. 133–135.

Following Judge Erlick's ruling on the preliminary injunction, Swenson petitioned the court to approve a new job for her as President of Amp'd Mobile's international

division. By order dated December 16, 2005, the Washington Court denied Swenson's petition, stating that Swenson had not met her burden of establishing that her new work would be exclusively outside of the United States.

## III. DISCUSSION

 Forum selection clauses "should be respected as the expressed intent of the parties." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–19, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). They are prima facie valid and are enforceable unless the party challenging enforcement shows the clause is unreasonable under the circumstances. *R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *Bremen*, 407 U.S. at 10, 92 S.Ct. 1907). *Argueta* explained that:

A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will "for all practical purposes be deprived of its day in court;" or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Id.* (internal citations omitted).

Swenson claims that enforcement of the forum selection clause would contravene § 16600, which invalidates non-compete provisions in employment contracts. There is no claim of fraud. Since Swenson is a high ranking and very highly paid executive, there is no claim of undue influence or overwhelming bargaining power.

Despite the presumptive validity of the forum selection clause, Swenson labels T–Mobile's motion as an "attempt to escape California law and public policy barring T–Mobile's illegal employment prohibition."

Opp'n at ii. She submits that an "academic argument that parties are free to make the choice of law arguments in any form ignores the reality that forum states apply their own law." Supp. opp'n at 1. The Court finds that Swenson is cleverly, but impermissibly, combining the forum selection and choice of law analyses when she argues that enforcement of the forum selection clause results in the application of a Washington law violative of California public policy. *Id.* at 2.

 Enforcement of the forum selection clause itself here does not contravene a strong public policy of California. *See Smith, Valentino & Smith, Inc., v. Superior Ct.*, 17 Cal.3d 491, 494, 131 Cal.Rptr. 374, 551 P.2d 1206 (1976) (giving effect to choice of forum selection providing for Pennsylvania forum). While the Court notes that a Washington court's application of Washington law to the matter at hand may arguably lead to a result conflicting with the provisions of § 16600, Swenson was free to, and in fact, did argue for the application of California law. The fact that the Washington court ruling resulted in a decision unfavorable to Swenson does not mandate a finding that the clause requiring the case be litigated in Washington is invalid. Notwithstanding Swenson's contention that forum states apply their own law in "virtually every case," supp. opp'n at 1, the Washington court could have applied California law if it found application appropriate. The Washington court dutifully considered whether to apply Washington or California law to the agreement in question and its determination was based on an application of each state's choice of law standards.

The Court finds the reasoning in *Manchester v. Arista Records, Inc.*, No. CV 81–2134–RJK, 1981 U.S. Dist. LEXIS 18642 (C.D.Cal. Sept. 16, 1981), a case cited by both parties in their papers, to be instruc-

tive. There, the court considered a similar argument in which the plaintiff argued that the effect of the enforcement of the forum selection clause would result in the contravention of California public policy. As here, there was no direct challenge to the forum selection clause itself, but only as to its effect. The court there held that the choice of forum clause should be enforced even though the chosen forum would apply a rule of law contrary to a strong public policy of California. *Id.* at *14–15. The *Manchester* court pointed to the undue complication caused if courts were to adopt Plaintiff's reasoning. Each court facing a forum selection clause issue, it stated, would be required to make a "determination of the potential outcome of the litigation on the merits in the transferee forum [here Washington] and to consider whether that outcome would conflict with a strong public policy of the transferor forum" at the outset of the action. *Id.* at *15.

If Swenson's argument were correct, forum selection clauses would be largely meaningless as it would depend on who filed first and whether that forum's law was more favorable to them. The question is not whether the application of the forum's law would violate the policy of the other party's state, but rather, whether enforcement of the forum selection agreement would violate the policy of the other party's state as to the forum for litigation of the dispute. Enforcement of the forum selection clause here does not contravene a California policy as to forum. Both California and Washington use the same rule to enforce these clauses. *See Smith* 17 Cal.3d at 496, 131 Cal.Rptr. 374, 551 P.2d 1206 ("forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable"); *Wilcox v. Lexington Eye Institute*, 130 Wash.App. 234, 122 P.3d 729, 731 (2005) ("Washington courts will

enforce a forum selection clause unless it is unreasonable or unjust"). The forum selection clause requiring the case to be litigated in Washington is therefore valid.

 Having decided that proceeding in a California forum is improper, the Court further finds that dismissal, and not transfer to federal court in Washington, is the proper course. In *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the Supreme Court considered the power of federal courts to grant declaratory relief when there is a parallel suit proceeding in state court. The Court wrote that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the parties." *Id.* at 495, 62 S.Ct. 1173. Thus, "when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir.1991) (citing *Brillhart*). The Court in *Chamberlain* suggested that federal courts should decline to issue declaratory relief if the federal court (1) would "needlessly determine issues of state law"; (2) help a party "avoid state court proceedings;" or (3) cause "duplicitous litigation." *Id.* at 1367.

Additionally, the Court notes that there are three cases on point which have ruled similarly. The courts in *Google, Inc. v. Microsoft Corp.*, 415 F.Supp.2d 1018, No. C–05–03095 RMW, 2005 WL 3776425 (N.D.Cal. Oct. 27, 2005), *Schmitt v. JD Edwards World Solutions Co.*, No. C 01–1009 VRW, 2001 WL 590039 (N.D.Cal. May 18, 2001), and *DeFeo v. Procter & Gamble Co.*, 831 F.Supp. 776 (N.D.Cal.

1993) all declined to issue declarations on the enforceability of employment covenants not to compete where cases involving the same covenants were already filed in state courts. For example, in the most recent of these actions, the *Google* case, the court refused to proceed in an action removed to it from the California Superior Court seeking a declaration that an employment covenant not to compete violated California public policy. As here, plaintiff, a former Microsoft employee, quit his job with the defendant to work for an allegedly competing firm, Google. Pursuant to the forum selection clause in the plaintiff's employment contract, the former employer brought suit in Washington state court for, *inter alia,* breach of the covenant not to compete. *Id.* 415 F.Supp.2d at 1020, 2005 WL 3776425, *2. Plaintiff then brought suit in a California Superior Court, seeking a declaration that the covenant not to compete was invalid and unenforceable under California law. *Id.* Microsoft, just like T-Mobile, removed to federal court and moved to dismiss, stay, or transfer. Noting that the Washington state court had already held an evidentiary hearing, and had issued a preliminary injunction, the Court held that "continuing to hear arguments in California would potentially waste judicial resources." *Id.* at 1022, 2005 WL 3776425, *3.

The Court here finds that, under *Brillhart,* a federal court would be needlessly determining issues of state law, would be helping Swenson avoid state court proceedings, and would be furthering duplicative litigation if it heard the merits of this case. Transfer of the case to federal court in Washington is therefore not appropriate. The case is currently already being litigated in Superior Court in Seattle, Washington. The Superior Court in Washington has already issued a preliminary injunction to enjoin the Plaintiff from working at T-Mobile's alleged competitor. Permitting Swenson to present the same arguments in a Washington federal court after having made them in a Washington state court would clearly be a waste of judicial resources. For this reason, the Court hereby **DISMISSES** the action, and does not transfer it.

## IV. CONCLUSION

For the reasons discussed, Defendant's motion to dismiss [Doc. # 34–1] is **GRANTED.** Because the Court is granting T-Mobile's motion to dismiss, Plaintiff's motion for summary judgment [Doc. # 28] is **DENIED** as moot.

**IT IS SO ORDERED.**