Filed 5/24/13  Anosike v. Covenant Transport CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JOHN ANOSIKE, | B238684 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC463482) |
| v. | |
| COVENANT TRANSPORT, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joanne O'Donnell, Judge.  Affirmed.

Mancini & Associates, Marcus A. Mancini, Timothy J. Gonzales; Benedon & Serlin, Douglas G. Benedon, and Gerald M. Serlin for Plaintiff and Appellant.

McBreen & Senior, David A. Senior; Miller & Martin, and Bradford G. Harvey for Defendant and Respondent.

_____

## INTRODUCTION

John Anosike filed a complaint for damages against respondent Covenant Transport, Inc. (Covenant), alleging employment discrimination, wrongful termination, and violation of the medical leave law.  Respondent moved for a stay of the proceedings, seeking to enforce a forum selection clause in a written employment agreement.  The superior court granted the motion for a stay, finding the forum selection clause valid.  Appellant appealed from the superior court's order granting the motion to stay, contending the forum selection clause was unconscionable and violated California public policy.  Finding no error, we affirm.

## STATEMENT OF THE FACTS

Respondent is a national trucking company incorporated under Tennessee law, with its corporate headquarters and principal place of business in Chattanooga, Tennessee.  Appellant is a Black male, and a resident of California.  In June 2010, he learned that Covenant was hiring truck drivers out of its Pomona, California terminal.  Appellant completed a one-week orientation in Pomona.  During the orientation, he signed a written "Conditional Offer of Employment."  The one-page document consisted of the following:

> "I, [name], accept a conditional offer of employment with COVENANT TRANSPORT pending successful completion of:  [¶]  DOT Physical and Drug Screen  [¶]  DOT Written Exam  [¶]  Road Test  [¶]  Completion of Orientation  [¶]  Personal Interview  [¶]  MVR Review  [¶]  Reference Checks  [¶]  DAC Review  [¶]  I also acknowledge and agree that the venue of any claims filed for injuries, accidents, or incidents will be handled through the State of Tennessee.  I also acknowledge and agree that the venue of litigations that may arise from this employment shall be in the State of Tennessee.  I also acknowledge and agree that Tennessee law shall apply exclusively to any such claims or litigation.  Finally, I acknowledge and agree that Covenant Transport shall have the right to recover reasonable attorney fees and expenses it incurs if it prevails in any such dispute, charge, or action.

"I also acknowledge and agree that Covenant Transport offers a Transitional Duty Program, and as such, I agree to be subjected to said program and its conditions/requirements. I also acknowledge and agree to medical treatment and light duty in Hamilton County, Chattanooga, TN as part of my employment responsibilities with Covenant Transport, Inc."

Following the one-week orientation, appellant completed an approximately three-week training course, during which he drove a truck throughout the United States. Upon completion, he was hired by respondent on June 24, 2010.

On or about November 12, 2010, appellant was involved in a rollover accident in the State of Washington. Following the accident, appellant received medical treatment and participated in respondent's light duty program in Chattanooga, Tennessee. After completion of Covenant's investigation into appellant's accident, his employment was terminated December 22, 2010.

## STATEMENT OF THE CASE

On June 13, 2011, appellant filed a complaint for damages. He asserted claims for race and disability discrimination, harassment, retaliation, and violation of the California Family Rights Act under the Fair Employment and Housing Act (FEHA), Government Code section 12900 et seq., and for wrongful termination in violation of public policy.

On August 23, 2011, respondent removed the case to federal court, based on diversity jurisdiction. On October 6, 2011, the federal district court granted appellant's motion to remand the removed action.

On October 24, 2011, respondent moved for an order staying further proceedings on the ground that "California is an inconvenient and inappropriate forum for the trial of this action." In the motion, brought under Code of Civil

3

Procedure section 410.30,[1] respondent contended that appellant had agreed to litigate all employment-related claims in Tennessee.  Respondent also asserted that the decision to terminate appellant's employment was made in Tennessee, and that the individuals who would testify concerning respondent's employment policies and practices were located in Tennessee.  Thereafter, respondent filed an answer, generally denying the allegations in appellant's complaint.

Appellant opposed the motion to stay, arguing that the "forum selection/choice of law provisions" in the Conditional Offer of Employment were unconscionable.  Appellant contended the provisions were procedurally unconscionable because they were contained in a contract of adhesion.  He contended the provisions were substantively unconscionable because they were unduly oppressive, "as [their] sole purpose [was] to shield Defendant Covenant from liability by making litigation for a potential claimant, such as Plaintiff, so onerous and expensive that the claimant will not pursue litigation."  Appellant also contended, without elaboration, that he would be "unable to litigate his discrimination claims in Tennessee."

In a declaration filed in support of the opposition, appellant stated he was given the Conditional Offer of Employment as a "take it or leave it contract."  He further stated he was currently a part-time security guard in Los Angeles, California, earning approximately $700 per month.  He asserted that "[a]s a result of my current economic situation, I do not have the money to travel to Tennessee to litigate this lawsuit.  In addition to not being able to afford to fly cross-country for this case, I may also lose my job if I were required to take multiple days off work and travel to Tennessee."

---

[1]     All further statutory citations are to the Code of Civil Procedure, unless otherwise stated.

4

In reply, respondent argued that the forum selection clause was not unconscionable. Respondent asserted that the forum selection clause helped provide it with "consistency in employment litigation outcomes, and therefore, consistency in employment policies and procedures." It alleged that "[t]he choice of Tennessee is directly related to the fact that being headquartered in Tennessee means that most of the daily business and management occurs in Tennessee."

On December 15, 2011, the superior court granted the motion to stay, pending the outcome of proceedings in Tennessee. The court found some procedural unconscionability in the Conditional Offer of Employment because the forum selection clause was contained in a contract of adhesion, but found no substantive unconscionability. The court also noted that "[a]t the hearing on defendant's motion, plaintiff raised for the first time the argument that plaintiff's claim will likely be time-barred under Tennessee law . . . . Although the issue has not been briefed by any party (and plaintiff did not request the opportunity for further briefing), [the] argument is unpersuasive. Defendant seeks a stay, not dismissal of the action. If plaintiff's action in Tennessee is found to be time-barred, plaintiff may move this court to lift the stay." Appellant timely appealed.

## DISCUSSION

The California Supreme Court has held that "forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable." (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 496 (*Smith*).) "Given the importance of forum selection clauses [to both national and international commerce], both the United States Supreme Court and the California Supreme Court have placed a heavy burden on a plaintiff seeking to defeat such a clause, requiring it to demonstrate that enforcement of the clause would be

5

unreasonable under the circumstances of the case." (*Lu v. Dryclean-U.S.A. of California, Inc.* (1992) 11 Cal.App.4th 1490, 1493 (*Lu*), citing *Smith*, *supra*, at p. 496 & *The Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 10, 15; accord, *Bancomer, S.A. v. Superior Court* (1996) 44 Cal.App.4th 1450.) "The party's burden is to demonstrate that the contractually selected forum would be unavailable or unable to accomplish substantial justice or that no rational basis exists for the choice of forum." (*Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 199 (*Intershop*).) The inconvenience and additional expense of litigating in another state is insufficient to meet this burden. (*Smith*, *supra*, 17 Cal.3d at p. 496.) However, a forum selection clause will not be enforced if to do so would "bring about a result contrary to the public policy of the forum." (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680 (*Cal-State*).)

"The enforceability of a forum selection clause is properly raised by a motion to stay or dismiss under . . . section 410.30, as it is a request to the court to decline jurisdiction." (*Furda v. Superior Court* (1984) 161 Cal.App.3d 418, 425; see also *Smith*, *supra*, 17 Cal.3d at p. 494 [defendant moved to dismiss lawsuit and enforce forum selection clause under § 410.30].)[2] The superior court's decision is customarily reviewed for an abuse of discretion. (*Trident Labs, Inc. v. Merrill Lynch Commercial Finance Corp.* (2011) 200 Cal.App.4th 147, 154; *America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 9; but see *Cal-State*, *supra*, 12 Cal.App.4th at pp. 1680-1681 [substantial-evidence test].) We apply that standard of review to the instant case.

---

[2] Section 410.30 provides: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

Appellant contends the superior court erred in granting the motion to stay because the forum selection clause (1) is unconscionable, and (2) violates California's public policy.

## A. Alleged Unconscionability

"The doctrine of unconscionability is a judicially created doctrine which was codified in 1979 when the Legislature enacted Civil Code section 1670.5. [Citation.] That section provides in relevant part, 'If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract . . . .' (Civ. Code, § 1670.5, subd. (a).) While the statute does not attempt to precisely define 'unconscionable,' there is a large body of case law recognizing the term has 'both a procedural and a substantive element, both of which must be present to render a contract unenforceable. [Citation.] The procedural element focuses on the unequal bargaining positions and hidden terms common in the context of adhesion contracts. [Citation.] While courts have defined the substantive element in various ways, it traditionally involves contract terms that are so one-sided as to "shock the conscience," or that impose harsh or oppressive terms. [Citation.]' [Citation.]" (*Bolter v. Superior Court* (2001) 87 Cal.App.4th 900, 906-907 (*Bolter*).)

"[P]rocedural unconscionability requires oppression or surprise. '"Oppression occurs where a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form."' [Citation.]" (See *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 247.) We agree with the trial court that some elements of procedural unconscionability are present in the forum selection clause, as it was contained in a contract of adhesion presented on a "take-it-or-leave-it" basis. Not all contracts of adhesion are

7

procedurally unconscionable, however, and there was no element of surprise, as the forum selection clause was prominently placed in the single page Conditional Offer of Employment which appellant had ample time to review. (See *id.* at p. 248 [rejecting claim of procedural unconscionability, although a condominium project's CC&Rs "may perhaps be viewed as adhesive"].)

More importantly, appellant has not shown that the forum selection clause is so one-sided as to "shock the conscience," or that it imposes harsh or oppressive terms. He contends the forum selection clause is substantively unconscionable because it effectively shields respondent from liability, as it increases the costs and burdens of employees such as appellant, by requiring them to litigate in Tennessee. (See *Comb v. Paypal, Inc.* (N.D. Cal. 2002) 218 F.Supp.2d 1165, 1177 [denying motion to enforce forum selection clause in arbitration agreement because "[l]imiting venue to [defendant's] backyard appears to be yet one more means by which the arbitration clause serves to shield [defendant] from liability"].) This argument was foreclosed by our Supreme Court's holding in *Smith,* that "'[m]ere inconvenience or additional expense is not the test of unreasonableness.'" (*Smith, supra,* 17 Cal.3d at p. 496; accord, *Intershop, supra,* 104 Cal.App.4th at pp. 199, 202 [enforcing forum selection clause requiring parties to settle disputes in Hamburg, Germany]; *CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal App.4th 1347, 1354, 1358-1359 [enforcing forum selection clause requiring parties to settle disputes in Ontario, Canada].)

Appellant's reliance on *Bolter, supra,* 87 Cal.App.4th 900, *Nagrampa v. Mailcoups, Inc.* (9th Cir. 2006) 469 F.3d 1257, 1287, and *Lucas v. Gund, Inc.* (C.D. Cal. 2006) 450 F.Supp.2d 1125, 1134, is similarly misplaced. Those cases involved forum selection clauses in arbitration agreements and did not address *Smith.* *Bolter* is further distinguishable on the ground that the forum selection

8

clause requiring any arbitration to be conducted in Utah was imposed upon preexisting California franchisees. As the *Bolter* court noted, "[w]hen petitioners first purchased their . . . franchises in the early 1980's, [the franchisor] was headquartered in California, and the franchise agreement did not contain an arbitration provision. Thus, they never anticipated [the franchisor] would relocate its headquarters to Utah and mandate that all disputes be litigated there." (*Bolter*, *supra*, 87 Cal.App.4th at p. 909.) In contrast, appellant was provided notice before he was employed that all employment-related disputes would be litigated in Tennessee.

Moreover, the *Bolter* court expressed concern that the "forum selection provision[] ha[d] no justification other than as a means of maximizing an advantage over the petitioners." (*Bolter*, *supra*, 87 Cal.App.4th at p. 910.) Here, the forum selection clause was included to help respondent attain consistency in its employment practices and procedures. As a national employer, it was rational and reasonable for respondent to select the State where its headquarters are located as the exclusive forum for all employment litigation. (See *Lu*, *supra,* 11 Cal.App.4th at p. 1493, fn. 2 [reasonable for national companies to limit venue to the State where their principal place of business is located].) In short, appellant has failed to show the forum selection clause in his conditional employment contract was substantively unconscionable. Accordingly, the trial court did not err in declining to find the provision unenforceable on this ground. (See *Intershop*, *supra*, 104 Cal.App.4th at pp. 201-202 ["A forum selection clause within an adhesion contract will be enforced 'as long as the clause provided adequate notice to the

9

[party] that he was agreeing to the jurisdiction cited in the contract.' [Citations.]"].)[3]

B.    Alleged Violation of California's Public Policy

A California court will not enforce a forum selection clause if it would lead to a result contrary to California's public policy. (*Cal-State*, *supra*, 12 Cal.App.4th at p. 1680.) Appellant contends enforcement of the forum selection clause would violate California's public policy against disability discrimination because the clause would require Tennessee courts to apply Tennessee law, which provides less protection than California law. He also contends the conditional employment contract contains a "unilateral attorney's fee provision" in favor of respondent that violates California's public policy.

As an initial matter, we note that these arguments were not raised in the court below. As such, they are forfeited. (See *Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 167 [failure to raise point in the trial court constitutes waiver].) Even were we to consider the arguments, we would reject them on the merits.

First, the forum selection clause does not address choice of law, and the conditional employment contract does not have a separate choice of law provision. More importantly, appellant has not demonstrated that Tennessee courts are less likely to enforce antidiscrimination laws, or that he cannot get adequate redress for disability discrimination under Tennessee law. (See *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1304 [enforcing forum selection

---

[3]    Appellant contends our review should be de novo, as unconscionability is a question of law for the court. (Civ. Code, § 1670.5 ["If the court as a matter of law finds . . . ."]; *Flores v. Transamerica HomeFirst, Inc*. (2001) 93 Cal.App.4th 846, 851.) Under this standard, we would conclude that as a matter of law, the forum selection clause was not unconscionable.

clause requiring California resident to litigate age discrimination claim in New York City because New York City's Human Rights Law prohibits age discrimination, and there was "no reason to believe the New York courts 'are less likely than California courts to enforce anti-discrimination laws'"].) Appellant concedes that Tennessee prohibits disability discrimination, but contends the definition of "disability" is narrower under Tennessee law than California law. Appellant has not shown, however, that his alleged disability would fall outside the scope of Tennessee's disability discrimination law. Moreover, appellant is entitled only to an adequate remedy in the alternative forum, not the exact remedy. (*Id*. at p. 1303 ["[*P*]*rovided* [appellant] has an adequate remedy for his . . . discrimination claim in the selected forum, the forum selection clause does not violate California's public policy against . . . discrimination."].) In addition, "the FEHA, unlike other statutory schemes, does not contain an antiwaiver provision." (*Id*. at p. 1304.) The FEHA does not expressly prohibit "parties [from] selecting a forum and/or substantive antidiscrimination law other than California's." (*Ibid*.) In short, the forum selection clause does not violate California's public policy against disability discrimination.

Nor does the "unilateral attorney's fee provision" in the conditional employment contract change our analysis, as the issue on appeal is the enforcement of the forum selection clause.[4] Accordingly, the superior court did not abuse it discretion in granting respondent's motion to stay.

---

[4] Appellant suggests the fee provision violates Civil Code section 1717, which provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in

11

## DISPOSITION

The order is affirmed.  Costs are awarded to respondent.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

SUZUKAWA, J.

---

addition to other costs."  This argument is unavailing.  The statute governs only "action[s] on a contract," whereas appellant has asserted tort claims.