[No. B015653. Second Dist., Div. Five. Sept. 23, 1986.]

JUDITH SHEPHERD et al., Plaintiffs and Respondents, v.
BROWNE GREENE et al., Defendants and Appellants.

**COUNSEL**

Greene, O'Reilly, Broillet, Paul, Simon, McMillan, Wheeler & Rosenberg, Charles B. O'Reilly and Janice M. Corsino for Defendants and Appellants.

Joshua C. Needle for Plaintiffs and Respondents.

**OPINION**

**EAGLESON, J.**—The main issue here is whether an aggrieved party's request for trial after arbitration tolls the time period allowed to the prevailing party to seek correction and confirmation of a State Bar arbitration award. We hold that it does and affirm the trial court judgment.

### FACTS AND PROCEDURAL BACKGROUND

Judith and Richard Shepherd (Shepherd) were referred by their attorney, Needle, to Browne Greene, Greene, O'Reilly, Broillet, Paul, Simon, McMillan, Wheeler & Rosenberg (Greene), attorneys at law. Greene filed a medical malpractice action against Kaiser Permanente Health Plan on behalf of Shepherd. Prior to suit, Shepherd agreed, in writing, to compensate Greene for professional services in the sum of 40 percent of any recovery obtained, plus a sum equal to expenses incurred by Greene in the preparation of the case.

The matter was ultimately settled before trial for $650,000. Before distribution of these funds, Needle, now representing Shepherd in what was to become a fee dispute with Greene, wrote Greene and advised him that his proposed 40 percent fee of $260,000 contravened Business and Professions Code section 6146.[1,2]

---

[1]Section 6146 is one of the provisions of the Medical Injury Compensation Reform Act of 1975 (MICRA). It specifies, in part, that "[a]n attorney shall not contract for or collect a contingency fee for representing any person seeking damages in connection with an action for injury or damage against a health care provider based upon such person's alleged professional negligence in excess of the . . . limits" provided for in that section. In substance, these limits are 40 percent of the first $50,000 recovered, 338 percent of the next $50,000, 25 percent of the next $100,000, and 10 percent of any recovery in excess of $200,000.

[2]The appellate record is sparse. But, at this point in time, Needle apparently could not calculate the correct fee under MICRA because he did not know what expenses Greene had incurred. Needle's letter basically voiced objection to the $260,000 and requested Greene to compute his fees in accordance with MICRA.

Shepherd and Greene could not agree on the proper fee allocation. The dispute was submitted to mandatory but nonbinding State Bar arbitration. (Bus. & Prof. Code, § 6200 et seq.) On December 27, 1984, State Bar arbitrators awarded Shepherd $101,450 plus interest from July 9, 1984, against Greene. This award was served on the parties on January 3, 1985.

On February 1, 1985, 29 days later, Greene expressed his dissatisfaction with the award by filing a civil complaint against Shepherd pursuant to Business and Professions Code section 6204, subdivision (b). He claimed that Shepherd had waived the fee limitation found in MICRA. He further alleged that Shepherd "breached the written agreement by failing to pay or permit payment to be made to [Greene] of $101,350 of the monies due and owing" under the written retainer agreement.[3] Shepherd's demurrer to the complaint was sustained without leave to amend, and a judgment of dismissal entered thereon.

Greene ultimately appealed from this judgment of dismissal. In an unpublished opinion in 2d Civ. No. B015650, the appellate court affirmed the trial court and concluded that "notwithstanding the terms of the parties' retainer agreement, [Greene] is entitled to only those attorneys' fees provided for under section 6146." The court based its decision on *Waters* v. *Bourhis* (1985) 40 Cal.3d 424 [220 Cal.Rptr. 666, 709 P.2d 469], which, as pertinent here, held that the provisions of section 6146 are mandatory and cannot be waived by a client.

Before Greene filed his notice of appeal but after entry of the trial court order dismissing the complaint, Shepherd filed a separate petition to correct and confirm arbitration award in superior court. The petition was dated April 26, 1985, some 113 days after service of the arbitration award. Shepherd claimed that the "arbitrators made an evident miscalculation of figures." Greene, as respondent, filed written opposition to the petition. The matter was heard, and on May 13, 1985, the court granted Shepherd's application to correct and confirm the arbitration award. A judgment based thereon was signed and filed on June 4, 1985, in favor of Shepherd and against Greene in the total sum of $137,969.95, together with interest at 10 percent until payment of judgment, and costs. The propriety of that judgment is the subject of this appeal.

---

[3]Again, because of the inadequate appellate record, we are not sure what transpired. In context, it appears that Greene made a client disbursement but retained more of the settlement funds than he was entitled to under MICRA. For this reason, the arbitrators' award decreed that he was indebted to Shepherd.

DISCUSSION

I

Greene first contends that Shepherd's petition to correct and confirm the arbitration award is time-barred because it was filed 113 days after service of the arbitrators' award. He notes that a discontented party to an arbitration proceeding must file objections to the award, either by his own petition to vacate or correct or by response to a petition to confirm, within 100 days of the service of the award. (Code Civ. Proc., §§ 1288, 1288.2; *Davis* v. *Calaway* (1975) 48 Cal.App.3d 309, 311 [121 Cal.Rptr. 570].)

██ Shepherd argues that Greene's act of seeking a trial after arbitration by filing a superior court complaint 29 days after the mailing of the notice of the award placed the award in a state of suspension. We agree and conclude that the 100-day period in Code of Civil Procedure section 1288 is tolled from the time the complaint seeking trial after arbitration is filed until a final adjudication of the superior court action. Since such an adjudication did not occur here until the appellate decision became final, Shepherd's intervening petition to correct and confirm the award was not untimely.[4]

The State Bar arbitration format is clear. ██ In the case of nonbinding arbitration, the award is advisory only. It becomes binding, however, unless one of the parties seeks a trial after arbitration within 30 days after mailing of notice of the arbitrators' award. (Bus. & Prof. Code, § 6203, subd. (b).) Until a trial after arbitration is concluded in the trial court, or in the appellate court if that be the choice of an aggrieved party, the arbitrators' award is consigned to judicial limbo.

It remains in limbo forever if the trial after arbitration results in a judgment on the merits. The resulting judgment becomes the operative instrument between the parties. Where, as here, an aggrieved party is unable to state a cause of action as a matter of law, the award is resurrected and becomes subject to correction and confirmation in accordance with Code of Civil Procedure section 1285 et seq. (See Bus. & Prof. Code, § 6203, subd. (b).)

Until one of the above contingencies occurs, the twin notions of impracticability and futility toll the running of the 100-day period.[5] The facts in

---

[4]Code of Civil Procedure section 1049 states that an action "is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed . . . ."

[5]We analogize to the body of case law which recognizes impracticability and futility as implied exceptions to mandatory five-year dismissals for failure to prosecute an action. (*Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; 6 Witkin, Cal. Procedure (3d ed. 1985) § 140, p. 444 and cases cited therein.) Code of Civil Procedure section 583.340, enacted in 1984, codifies the former case law.

the instant case illustrate the wisdom of this principle. Judgment was entered on Shepherd's petition to correct and confirm the award before the time had passed for Greene to appeal the dismissal of his postarbitration complaint. If, after that appeal was filed, the court had reversed rather than affirmed the dismissal, the earlier ruling on Shepherd's petition would have been a nullity. (Bus. & Prof. Code, § 6204, subd. (d).) In light of this principle—that judgment in the plenary action completely preempts the arbitration award and any confirmation thereon—judicial efficiency dictates that the parties await completion of the trial after arbitration before filing a petition to correct and confirm the award. Tolling the 100-day statute while the plenary action remains unresolved is the only way to protect both parties' right to file such a petition.

■ Accordingly, Shepherd's petition was not time-barred. The award was served on January 3, 1985. When Greene filed suit on February 1, 1985, he temporarily stopped the running of the statute after only 29 days had elapsed. The statute did not begin to run again until after the appellate decision became final on May 29, 1986, which occurred 30 days after its filing date. (Cal. Rules of Court, rule 24(a).) Therefore, Shepherd's petition, which was filed before Greene had even filed his appeal, was premature. However, since Greene has had a full hearing on the merits of the arbitration matter, he is not prejudiced by our affirmance of the ensuing judgment.

## II

Greene next contends that even if Shepherd's petition is considered timely, it was error to grant correction of the arbitration award because no miscalculation was apparent on its face. Shepherd rejoins that a court may make such a correction if there appears ". . . an evident miscalculation of figures . . . ." (Code Civ. Proc., § 1286.6), and that the miscalculation here was obvious.

The appellate record does not contain the award, the arbitration record, or a transcript of the proceedings below. Thus, we have nothing to review except a one-page judgment.

■ "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193], italics in original.)

## Disposition

The judgment of June 4, 1985, is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.

Appellants' petition for review by the Supreme Court was denied December 17, 1986. Bird, C. J., did not participate therein.