Filed 11/6/13  Albers v. Naegele CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RAYMOND H. ALBERS et al., | B240455 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. LS018168) |
| v. | |
| TIMOTHY D. NAEGELE et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Huey P. Cotton, Jr., Judge.  Affirmed.

Timothy D. Naegele & Associates and Timothy D. Naegele for Defendants and Appellants.

Law Offices of Lloyd J. Michaelson and Lloyd J. Michaelson for Plaintiffs and Respondents.

_____

Appellants Timothy D. Naegele and his law firm, Timothy D. Naegele & Associates, appeal from the judgment confirming an attorney-client fee arbitration award in favor of respondents Raymond H. Albers and Deanna J. Albers.[1] Following Naegele's representation of the Alberses in a civil action, a fee dispute arose between the parties. The Alberses invoked their statutory right to arbitrate the dispute pursuant to California's Mandatory Fee Arbitration Act (MFAA; Bus. & Prof. Code,[2] § 6200 et. seq.), but Naegele refused to attend the arbitration, claiming the arbitrators lacked jurisdiction over the dispute based on a forum selection clause in the fee agreement. After the arbitrators issued an award in the Alberses' favor, Naegele filed a rejection of the award and request for trial in a pending federal action that he had brought against the Alberses in the United States District Court for the District of Columbia. Over the next four years, the federal court stayed that action at various times without reaching the merits of Naegele's request for trial after arbitration or the Alberses' motion to dismiss for lack of jurisdiction.

Shortly before the expiration of the four-year statute of limitations (Code Civ. Proc., § 1288), while the federal action was being stayed, the Alberses filed a petition to confirm the arbitration award in a new action commenced in Los Angeles County Superior Court. Naegele subsequently filed a motion for judgment on the pleadings in which he contended that the California action was barred as a matter of law by the Alberses' failure to timely serve him with the petition and by the federal court's exclusive jurisdiction over the dispute based on the forum selection clause in the fee agreement and Naegele's filing of the request for trial in the federal action. The state trial court denied Naegele's motion for judgment on the pleadings and thereafter granted the Alberses' petition to confirm the arbitration award. For the reasons set forth below, we affirm.

---

**1** Appellants Timothy D. Naegele and Timothy D. Naegele & Associates shall be collectively referred to as Naegele. Respondents Raymond H. Albers and Deanna J. Albers shall be collectively referred to as the Alberses.

**2** Unless otherwise stated, all further statutory references are to the Business and Professions Code.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[3]

### I.    The Alberses Request a Mandatory Fee Arbitration Under the MFAA.

Naegele is an attorney licensed to practice law in California and the Alberses are California residents. In 1998, the Alberses retained Naegele to represent them in a civil action filed on their behalf in the United States District Court for the Central District of California. On December 18, 1998, the Alberses entered into a fee agreement with Naegele which included the following clause: "This agreement and the rights and obligations of the parties hereto shall be governed by, and construed and enforced in accordance with the laws of the District of Columbia; venue for any disputes or litigation arising out of this agreement shall be in a court of the District of Columbia and/or in the United States District Court for the District of Columbia; and the [Alberses] hereby consent to the jurisdiction of such court or courts with respect to any disputes or litigation arising out of this agreement." The fee agreement was subsequently amended by three separate addenda, each of which included the same forum selection clause. After several years of litigation, the federal district court dismissed the Alberses' action, and following an appeal filed on their behalf by Naegele, the United States Court of Appeals for the Ninth Circuit affirmed the dismissal.

At some point, a dispute arose between the parties over the attorney's fees owed to Naegele. Represented by new counsel, Lloyd J. Michaelson, the Alberses invoked their statutory right to a fee arbitration under the MFAA (§ 6200 et. seq.). On September 25, 2003, the Los Angeles County Bar Association's (LACBA) Dispute Resolution Services

---

[3]    A portion of the procedural history set forth herein is taken from the opinions of the United States District Court for the District of Columbia in the pending federal action between Naegele and the Alberses. (See *Naegele v. Albers* (D.D.C. 2005) 355 F.Supp.2d 129; *Naegele v. Albers* (D.D.C. 2012) 843 F.Supp.2d 123; *Naegele v. Albers* (D.D.C., Apr. 18, 2013, Civ. A. No. 03-CV-2507 (RLW)) 2013 U.S. Dist. Lexis 55288; *Naegele v. Albers* (D.D.C., July 18, 2013, Civ. A. No. 03-CV-2507 (RLW) 2013 U.S. Dist. Lexis 100728.) On the court's own motion, we take judicial notice of these opinions. (Evid. Code, §§ 452, subd. (d), 459.)

sent a letter to the Alberses, with a copy to Naegele, regarding their pending request for arbitration and waiver of the associated filing fees.

## II. Naegele Files a Federal Action Against the Alberses in the District of Columbia.

On December 8, 2003, prior to the arbitration hearing, Naegele filed a civil action against the Alberses and their new counsel, Michaelson, in the United States District Court for the District of Columbia, seeking recovery of attorney's fees and alleged tort damages. On January 5, 2004, the Alberses and Michaelson filed notices of automatic stay of the federal action pending the fee arbitration pursuant to section 6201, subdivision (c). Rather than submit to mandatory arbitration, Naegele responded with a flurry of filings in the federal action, including a first amended complaint, a motion to strike the notices of stay, a motion for entry of default, and two separate motions for sanctions. While Naegele continued to actively litigate the federal action, the fee arbitration was scheduled to be held in California in November 2004. As of the scheduled arbitration date, however, the federal district court had not ruled on whether the federal action should be stayed pending the California arbitration proceedings.

## III. Naegele Fails to Appear at the Arbitration Hearing and the Arbitrators Issue a Fee Award in the Alberses' Favor.

On November 17, 2004, the mandatory fee arbitration was held before a three-member arbitration panel through the LACBA's Dispute Resolution Services. Prior to the arbitration hearing, Naegele was served with a notice to appear and produce documents at the hearing. He also was ordered by the arbitration panel to produce the Alberses' case file. Naegele submitted a written memorandum to the arbitration panel in which he contested the panel's jurisdiction to hear the fee dispute based on the forum selection clause in the parties' fee agreement. However, the presiding arbitrator for the State Bar's Office of Mandatory Fee Arbitration rejected Naegele's argument and ruled that the arbitration panel had jurisdiction to adjudicate the fee dispute.

4

The Alberses and Michaelson attended the arbitration hearing. Although Naegele was represented by counsel at the arbitration, he did not personally appear at the hearing nor did he produce the Alberses' file. During the proceedings, Naegele's counsel made an opening statement and closing argument, cross-examined the Alberses, and presented documentary evidence including a written statement from Naegele and a copy of the fee agreement. However, Naegele's counsel denied knowledge of why his client had failed to produce to Alberses' file or to appear at the hearing, except to state that Naegele continued to contest the arbitrators' jurisdiction.

On January 14, 2005, the arbitration panel issued a written award in favor of the Alberses. The panel found that Naegele repeatedly had pursued meritless litigation in representing the Alberses in the underlying civil action and that the Alberses had paid Naegele $735,481.32 in attorney's fees and costs. The panel further found that the total amount which Naegele reasonably should have charged was $8,500 and that Naegele was required to refund the Alberses the sum of $726,981.32. Additionally, the panel found that Naegele willfully had failed to appear at the arbitration hearing and that he should not be entitled to a trial after arbitration pursuant to the LACBA's Rules for Conduct of Arbitration of Fee Disputes and Other Related Matters. The arbitration award was served by mail on the parties on January 24, 2005.[4]

## IV. Naegele Files a Rejection of the Arbitration Award and Request for Trial in the Pending Federal Action.

On January 3, 2005, after the arbitration was held but prior to the issuance of the arbitration award, the federal district court stayed the federal action pending the completion of the arbitration proceedings. (*Naegele v. Albers*, *supra*, 355 F.Supp.2d at p. 132.) In granting the stay, the federal court reasoned as follows: "The court

---

[4] Following the arbitration, Naegele filed a petition for writ of review with the California Supreme Court, which was denied on February 16, 2005. (*Naegele v. State Bar* (Feb. 16, 2005, S129486) 2005 Cal. Lexis 1863.)

recognizes that states are generally responsible for the regulation of lawyers. [Citation.] The court further recognizes California's substantial interest in providing clients with prophylactic tools to deal with attorney-client fee disputes, that is, with an 'effective inexpensive remedy . . . which does not necessitate the hiring of a second attorney.' [Citation.] For litigation to occur simultaneously with such arbitration would not only frustrate California's policy reasons for these statutes, but would completely defeat them. [Citation.] Because the plaintiff is an attorney licensed to practice law in California and the events that gave rise to this fee dispute and the instant ligation also arose in California, the court stays the litigation of the attorney-client fee dispute pending the completion of arbitration in California." (*Id*. at p. 141.) The parties were ordered "not to file any motions in this case until so directed" by the federal court, and within 30 days of the completion of the arbitration, "to submit a joint status report informing the court of the outcome of the arbitration proceedings, whether they wish to continue with this case in this venue, and their proposed briefing schedule and deadlines for how this case will proceed from that point forward, if at all." (*Id*. at pp. 141-142.)[5]

On February 22, 2005, Naegele filed a rejection of the arbitration award and request for trial after arbitration in the pending federal action pursuant to section 6204, subdivision (b). In a minute order entered on March 10, 2005, the federal court stated that "[i]n light of the failed arbitration proceedings, the parties are hereby ordered to file a joint status report, by no later than March 24, 2005, proposing how the parties wish to proceed in this case and proposing a briefing schedule." In a March 24, 2005 minute order, following the parties' submission of the joint status report, the federal court ruled that "[u]pon consideration of the parties' joint status report and in an effort to assist this

---

**5** In addition to granting a stay, the federal court dismissed Michaelson from the action for lack of personal jurisdiction, denied Naegele's motion to strike the notices of stay, and denied both of Naegele's motions for sanctions. (*Id*. at p. 132.) The court also noted in its opinion that "should the parties return to this court, the parties are on notice that the first matters of inquiry will again be the subject matter jurisdiction of this court and the real parties in interest." (*Ibid*.)

6

case in progressing through a more conventional schedule, the [Alberses] are hereby ordered to file a responsive pleading by no later than April 25, 2005." At that time, the federal court did not make any ruling or set any briefing schedule concerning Naegele's request for trial after arbitration.

## V.  The Alberses File and Then Dismiss, Without Prejudice, a Petition to Confirm the Arbitration Award in Los Angeles County Superior Court.

On March 28, 2005, the Alberses filed a petition to confirm the arbitration award in Los Angeles County Superior Court. The petition was served on Naegele and his counsel in April 2005. On April 15, 2005, Naegele's counsel sent a letter to Michaelson demanding that the petition be withdrawn in light of Naegele's request for trial in the federal action and threatening to seek sanctions if the Alberses failed to do so. In an April 19, 2005 response letter to Naegele's counsel, Michaelson acknowledged the pending federal action, but noted that the federal district court still had not made any determination concerning subject matter or personal jurisdiction as to the Alberses. Michaelson explained that, if the federal court exercised jurisdiction over the action, then it might be the appropriate court to entertain the petition to confirm the arbitration award; however, if the federal court dismissed the action for lack of jurisdiction, the proper venue for the petition would be the Los Angeles County Superior Court. Given the procedural posture of the case, Michaelson agreed to dismiss the petition without prejudice pending the federal court's ruling on the Alberses' motion to dismiss for lack of jurisdiction and to re-file the petition in California if the motion was granted.

## VI.  The Federal District Court Denies Naegele's Request for Trial Without Prejudice and Stays the Federal Action.

On April 20, 2005, the Alberses filed their motion to dismiss the federal action. On August 8, 2005, the federal district court denied Naegele's request for trial without prejudice in light of the Alberses' pending motion to dismiss. Yet over the next year, the federal court did not make any ruling on the motion to dismiss or otherwise resolve the issue of jurisdiction. Instead, on June 6, 2006, the federal court granted Naegele's motion

7

to stay the action pending the outcome of criminal bankruptcy fraud charges that had been filed against him. On April 14, 2008, following the completion of the criminal proceedings, the Alberses filed a motion to lift the stay, but the federal court did not take any action on that motion.

## VII. The Alberses Re-file the Petition to Confirm the Arbitration Award in Los Angeles County Superior Court.

On January 13, 2009, shortly before the expiration of the four-year statute of limitations (Code Civ. Proc., § 1288), the Alberses re-filed their petition to confirm the arbitration award in a new action commenced in Los Angeles County Superior Court. However, the Alberses were unable to locate Naegele to serve him with a copy of the re-filed petition within the limitations period. According to a declaration submitted by Michaelson, he attempted to personally serve Naegele with the petition for over a year, but could not ascertain Naegele's whereabouts. Michaelson sent a copy of the petition via first class and certified mail to a post office box in Malibu, California which Naegele had identified as his address on the State Bar website and his business website, but Naegele did not sign an acknowledgement of receipt. On four separate occasions, Michaelson attempted to personally serve Naegele at his last known home address in Oxnard, California, but no one answered the door. On December 22, 2009, after learning that Naegele was using a mail box at a private mail box store in Oxnard, Michaelson left a copy of the petition with the store owner. The following day, he sent a copy of the petition via first class mail to Naegele's registered mail box.

## VIII. The Federal District Court Lifts the Stay of the Federal Action, But Does Not Rule on the Alberses' Motion to Dismiss.

At the time the Alberses re-filed their petition to confirm the arbitration award on January 13, 2009, the stay of the federal action remained in effect. On January 15, 2009, two days after re-filing the petition, the Alberses filed a second motion in the federal action seeking to lift the stay. Six months later, on June 17, 2009, the federal district court lifted the stay, but did not thereafter rule on the Alberses' still pending motion to

8

dismiss the action for lack of jurisdiction. On March 31, 2010, following an additional nine months of inactivity in the federal case, the Alberses renewed their motion to dismiss. In response, on April 12, 2010, Naegele filed an opposition to the Alberses' motion to dismiss, along with a separate motion for sanctions and a motion for leave to file a second amended complaint. Shortly after these filings, however, the federal action again became inactive without any decision from the federal court on the issue of jurisdiction.

**IX.    The State Trial Court Denies Naegele's Motion for Judgment on the Pleadings.**

Back in the California action, Naegele filed an answer to the petition to confirm the arbitration award on June 1, 2010. Four months later, on October 7, 2010, Naegele filed a motion for judgment on the pleadings on the grounds that the California action was barred by (1) the Alberses' failure to timely serve the petition within the four-year statute of limitations in Code of Civil Procedure section 1288, and (2) the federal court's exclusive jurisdiction over the fee dispute based on the forum selection clause in the fee agreement and Naegele's timely filing of a rejection of the arbitration award and request for trial in the federal action. In connection with his motion for judgment on the pleadings, Naegele asked the trial court to take judicial notice of certain documents, including the parties' fee agreement, the civil docket in the pending federal action, and the April 19, 2005 letter from Michaelson.

On October 6, 2011, the trial court denied Naegele's motion for judgment on the pleadings. In its written order, the court noted that Naegele never filed a response to the petition to confirm the arbitration award as required by the Code of Civil Procedure, and even if the motion for judgment on the pleadings could be construed as a response to the petition, it was not timely filed. With respect to the statute of limitations, the court found that, under Code of Civil Procedure section 473 and the court's inherent equitable powers, the Alberses were entitled to relief from their failure to timely serve the petition. The court reasoned that Naegele had known of the Alberses' intent to seek confirmation of the arbitration award based on their timely filing and service of the prior petition, and

9

that Naegele had taken "steps to delay the litigation and to avoid being served" with the re-filed petition. With respect to jurisdiction, the court rejected Naegele's argument that the petition was barred by his filing of a request for trial in the pending federal action. The court noted that a party who willfully failed to appear at an arbitration hearing was not entitled to a trial de novo and that the arbitrators had found that Naegele's non-appearance was willful. The court set the matter for an order to show cause as to why the Alberses' petition to confirm the arbitration award should not be granted.

## X. The State Trial Court Grants the Petition to Confirm the Arbitration Award.

On January 17, 2012, Naegele filed a request for a four-month continuance of the order to show cause hearing to (1) permit the federal district court to decide whether the California action should be stayed pending the outcome of the federal action, and (2) allow Naegele to obtain alternate counsel in the California action following the withdrawal of his former attorney. In support of his request for a continuance, Naegele repeated his prior arguments that the federal court had exclusive jurisdiction over the fee dispute, and that even if the state court had jurisdiction, the statute of limitations for enforcing the arbitration award had expired. Naegele also requested that the trial court take judicial notice of the fee agreement, the civil docket in the federal action, and a recent motion that he had filed in the federal action to stay the California proceedings.

On February 8, 2012, the trial court denied Naegele's request for a continuance and granted the Alberses' petition to confirm the arbitration award. In its written order, the court stated that it previously had found there was "no jurisdictional issue" and "no issues with any statute of limitations regarding the enforcement of the arbitration award." The court also noted that Naegele had "offered no compelling reason to continue this hearing another four months nor has he explained the calculation of why four months are necessary." On February 24, 2012, the trial court entered a judgment in favor of the Alberses on their petition to confirm the arbitration award and ordered Naegele to pay the Alberses a total of $731,831.25, which included the Alberses' arbitration fees and court

10

costs. Following the entry of judgment in the California action, Naegele filed a timely notice of appeal.

**XI.    The Federal District Court Denies Naegele's Renewed Request for Trial and Stays the Federal Action Pending the Resolution of This Appeal.**

The federal action again became active in December 2011 when, following the denial of his motion for judgment on the pleadings in the California action, Naegele returned to the federal district court seeking a stay of the state court proceedings. The federal court, however, did not take any immediate action on Naegele's request for a stay. In February 2012, after the state court granted the Alberses' petition to confirm the arbitration award, Naegele again asked the federal court to issue an injunction staying the state court proceedings. On February 21, 2012, the federal court denied Naegele's request for a stay on the grounds that he had failed to show a likelihood of success on the merits or that he would suffer an irreparable injury. (*Naegele v. Albers*, *supra*, 843 F.Supp.2d at pp. 125-126.)

Shortly thereafter, the Alberses filed a motion for a ruling on their still pending motion to dismiss the federal action. In March 2012, the federal court granted Naegele's motion for leave to file a second amended complaint, and denied the Alberses' motion to dismiss as moot in light of the filing of a new operative complaint. In April 2012, Naegele filed a motion for reconsideration of his rejection of the arbitration award and request for trial, which previously had been denied without prejudice. One year later, on April 18, 2013, the federal court set the matter for an order to show cause as to (1) why the federal action should not be stayed pending the resolution of Naegele's appeal in the California action, and (2) why the federal court should not find that Naegele willfully failed to appear at the arbitration hearing within the meaning of section 6204, subdivision (a). (*Naegele v. Albers*, *supra*, 2013 U.S. Dist. Lexis 55288 at pp. *12-*13, *25-*26.)

On July 18, 2013, the federal court denied Naegele's motion for reconsideration and request for trial, and ordered that the federal action be stayed in its entirety pending a final resolution of the California action. (*Naegele v. Albers*, *supra*, 2013 U.S. Dist. Lexis

11

100728 at p. *25.) The court found that Naegele was not entitled to a trial de novo from the arbitration proceedings because he willfully failed to appear at the arbitration hearing, and thus, the award rendered by the arbitration panel was binding. (*Id*. at pp. *23-24.) In making that finding, the court rejected Naegele's argument that he was not required to attend the arbitration based on his objection to the arbitrators' jurisdiction, reasoning as follows: "Had Naegele simply participated in the arbitration proceedings and appeared for the hearing notwithstanding--obviously preserving his objections along the way (as he did)--and thereafter filed a timely request for trial (as he did), it seems he could have achieved the very result he was seeking: to have the fee dispute and his related claims adjudicated anew before [the federal court] as though the MFAA arbitration had never happened. [Citation.] Instead, Naegele doubled down on his obstinance, refusing to abide by the MFAA's provisions and willfully failing to appear at the arbitration hearing." (*Id*. at p. *21, fn. 8.) The court further concluded that a stay of the federal action was proper because the outcome of Naegele's appeal in the California action likely would impact how the federal action should proceed. (*Id*. at p. *24.)

## DISCUSSION

In his appeal, Naegele challenges the trial court's order granting the petition to confirm the arbitration award on several grounds. He argues that the arbitration award is unenforceable as a matter of law because the arbitrators lacked jurisdiction to hear the fee dispute based on the forum selection clause in the fee agreement. He further asserts that the trial court lacked jurisdiction to confirm the arbitration award based on the same forum selection clause as well as Naegele's filing of a rejection of the award and request for trial in the pending federal action. In addition, he claims that, even if the trial court had jurisdiction to confirm the award, the Alberses' action was barred by their failure to timely serve the petition before the four-year statute of limitations expired.

12

# I. The Arbitrators' Jurisdiction to Hear the Fee Dispute Under the MFAA

Naegele first contends that the arbitration panel lacked jurisdiction to hear the parties' fee dispute under the MFAA because the forum selection clause in their fee agreement vested exclusive jurisdiction over any dispute arising out of the agreement in the District of Columbia courts. Based on the statutory terms and purpose of the MFAA, and the applicable case law construing it, we conclude that this claim lacks merit.

## A. Relevant Law

Under the MFAA, "when there is a fee dispute between an attorney and a client, the client may choose to submit the matter to arbitration by a local bar association. If the client elects such arbitration, the attorney must agree to arbitrate." (*Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 561 (*Schatz*).) As the California Supreme Court has explained, "[t]he MFAA was first proposed by the Board of Governors of the State Bar of California in 1976 when, finding that disputes concerning legal fees were the most serious problem between members of the bar and the public, the board sought to create a mechanism for arbitrating disputes over legal fees and costs. Recognizing the 'disparity in bargaining power in attorney fee matters which favors the attorney in dealings with infrequent consumers of legal services' [citation.], that many clients could not afford hiring additional counsel to litigate fee disputes in the civil courts [citation], and that previous schemes that called for voluntary arbitration were ineffective [citation.], the Legislature enacted the MFAA." (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 983 (*Aguilar*).)

"The nature of the obligation to arbitrate under the MFAA differs from that under standard arbitration in two important ways. First, the obligation to arbitrate under the MFAA is based on a statutory directive and not the parties' agreement. Thus, a client may invoke the MFAA and proceed to arbitration despite the absence of any prior agreement to do so. . . . [¶] Second, section 6200, subdivision (c) provides: '[A]rbitration under this article shall be voluntary for a client and shall be mandatory for an attorney if commenced by a client.' In other words, whereas a client cannot be forced under the

13

MFAA to arbitrate a dispute concerning legal fees, at the client's election an unwilling attorney can be forced to do so." (*Aguilar*, *supra*, 32 Cal.4th at p. 984.)

The MFAA also "specifies the conditions under which the client can waive its protections." (*Aguilar*, *supra*, 32 Cal.4th at p. 985.) Where the attorney has provided the client with the requisite notice of the right to arbitrate under the MFAA, the client may waive the right to arbitration either by failing to request arbitration within 30 days of receipt of the notice or by filing an answer in an action commenced by the attorney. (§ 6201, subds. (a), (b).) The client also may waive the right to arbitration by commencing an action or filing a pleading seeking either judicial resolution of a fee dispute or affirmative relief against the attorney for malpractice or professional misconduct. (§ 6201, subd. (d).) Upon the client's timely filing and service of a request for arbitration, any pending action between the parties is automatically stayed until the arbitration award is issued or the arbitration is otherwise terminated. (§ 6201, subd. (c).)

The finality of an award under the MFAA depends upon the actions of the parties. "The parties may agree in writing to be bound by the award of arbitrators . . . at any time after the dispute over fees, costs, or both, has arisen. In the absence of such an agreement, either party shall be entitled to a trial after arbitration if sought within 30 days, . . . except that if either party willfully fails to appear at the arbitration hearing in the manner provided by the rules adopted by the board of trustees, that party shall not be entitled to a trial after arbitration." (§ 6204, subd. (a).)[6] "If there is an action pending, the trial after arbitration shall be initiated by filing a rejection of arbitration award and request for trial after arbitration in that action within 30 days after service of notice of the award." (§ 6204, subd. (b).) "If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the

---

**6** Under section 6204, subdivision (a), "[t]he determination of willfulness shall be made by the court. The party who failed to appear at the arbitration shall have the burden of proving that the failure to appear was not willful. In making its determination, the court may consider any findings made by the arbitrators on the subject of a party's failure to appear."

14

amount of money in controversy within 30 days after service of notice of the award." (§ 6204, subd. (c).) To the extent that a party is entitled to a trial after arbitration, such trial "is conducted de novo, essentially as if no arbitration had occurred." (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 373 (*Maynard*).)

### B. The Alberses Did Not Waive Their Statutory Right to Arbitration Under the MFAA.

We are unaware of any California case that has addressed whether a pre-dispute forum selection clause in a fee agreement may preclude a client from invoking his or her statutory right to arbitration under the MFAA. However, the California Supreme Court has addressed an analogous issue in considering the relationship between arbitration under the MFAA and a pre-dispute contractual arbitration agreement. In *Aguilar*, for instance, the Supreme Court recognized that "[i]f the client chooses to arbitrate 'under this article' (i.e., pursuant to the MFAA), the client has the right to do so whether or not the parties had also executed an arbitration agreement. If the client fails to invoke his or her rights under the MFAA, such rights are waived entirely and . . . the preexisting arbitration agreement is enforceable against the client, with no residual MFAA protections standing as an obstacle." (*Aguilar*, *supra*, 32 Cal.4th at p. 989, fn. omitted.) As Justice Chin similarly noted in his concurring opinion, "[c]lients may, if they wish, request and obtain nonbinding arbitration under the MFAA. That arbitration may, and often will, resolve the dispute. But if the client does not request nonbinding arbitration, or if it is held but does not resolve the dispute, then the MFAA has played its role, and the matter would continue without it. Either party may then pursue judicial action unless the parties had agreed to binding arbitration." (*Id.* at p. 991 (conc. opn. of Chin, J.).)

Likewise, in *Schatz*, the Supreme Court explained that the MFAA's provision for a trial de novo after arbitration "does not purport to speak to whether the parties to a *nonbinding* MFAA arbitration may otherwise agree, or have agreed, on how to resolve the case if the MFAA arbitration leaves one or both parties dissatisfied." (*Schatz*, *supra*, 45 Cal.4th at p. 572.) Rather, the statute contemplates that, subject to the exception for a

15

willful failure to attend the arbitration hearing, "unless the parties agree to be bound by the MFAA arbitration, and thus to end the dispute then and there, the case may, following MFAA arbitration, proceed by normal means. . . . [T]hose normal means may include not only court litigation, but 'other proceedings' such as binding arbitration pursuant to a predispute agreement between the parties." (*Ibid*.; see also *Maynard*, *supra*, 36 Cal.4th at p. 374 ["for the most part a trial following fee arbitration proceeds in the trial court as if there had been no arbitration at all"].) Therefore, even where the parties have entered into a pre-dispute contractual arbitration agreement, as in *Schatz* and *Aguilar*, the client retains the statutory right to arbitration under the MFAA. If the client properly invokes the right to arbitrate, the MFFA arbitration takes place first and any award issued by the arbitrators is non-binding unless the parties otherwise agree or a party willfully fails to appear at the arbitration hearing. Once the non-binding MFAA arbitration is completed, either party is free to seek enforcement of the preexisting arbitration agreement.

Applying similar reasoning to this case, we conclude that the existence of a pre-dispute forum selection clause in a fee agreement, in which a client agrees to litigate fee disputes in a designated judicial forum, does not deprive the client of the right to arbitration under the MFAA. If the client timely requests and maintains a MFAA arbitration, the forum selection clause only comes into play after the arbitration proceedings have concluded. Following the MFAA arbitration, to the extent the fee dispute has not been resolved and a judicial action is commenced, either party may seek enforcement of the forum selection clause in the fee agreement. However, if a party willfully fails to appear at the arbitration hearing, as determined by a court with proper jurisdiction, that party will not be entitled to a trial de novo in the judicial proceedings.

Our conclusion that a client does not automatically waive his or her rights under the MFAA by consenting to a forum selection clause in a fee agreement is also consistent with the express provisions and legislative purpose of the MFAA. As discussed, the MFAA prescribes the specific conditions under which a client may waive the protections of the statute. A client waives the right to arbitrate under the MFAA (1) by failing to request arbitration within 30 days of receipt of a notice of the right to arbitrate (§ 6201,

16

subd. (a)); (2) by failing to request arbitration before filing an answer in an action by an attorney who has provided the client with notice of the right to arbitrate (§ 6201, subd. (b)); (3) by filing an action or other pleading seeking judicial resolution of a fee dispute with the attorney (§ 6201, subd. (d)(1)); or (4) by filing an action or other pleading seeking affirmative relief against the attorney for malpractice or professional misconduct (§ 6201, subd. (d)(2)).  While there may be other circumstances where a client's post-dispute conduct in unreasonably delaying arbitration can be found to constitute a waiver of the right to arbitrate (*Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1103-1104), nothing in the plain language of the statute supports a conclusion that a client can effectively waive the protections of the MFAA before a dispute has arisen.

Additionally, the MFAA was enacted to require, at the option of the client, that the attorney arbitrate any fee dispute.  Absent the client's written agreement, arbitration of fee disputes "shall be voluntary for a client and shall be mandatory for an attorney if commenced by a client."  (§ 6200, subd. (c); see also *Schatz*, *supra*, 45 Cal.4th at p. 561; *Aguilar*, *supra*, 32 Cal.4th at p. 984.)  "The policy behind the mandatory fee arbitration statutes [was] … to alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney. [Citation.]"  (*Manatt, Phelps, Rothenberg & Tunney v. Lawrence* (1984) 151 Cal.App.3d 1165, 1174; see also *Huang v. Cheng* (1998) 66 Cal.App.4th 1230, 1234 [MFAA's "purpose and policy . . . are to ensure the fair resolution of attorney fee disputes"].)  If an attorney could require a client to contractually waive any and all rights to arbitration under the MFAA as a condition of the parties' fee agreement, such waiver would seriously undermine the protections of the statutory scheme.  It thus would be contrary to the legislative purpose of the statute to allow an attorney's inclusion of a forum selection clause in a fee agreement to trump a client's right to mandatory arbitration under the MFAA.

Finally, even assuming that a client could waive his or her right to a MFAA arbitration in a fee agreement, the Alberses did not do so here.  The forum selection clause in the Alberses' fee agreement states that the "venue for any disputes or litigation

arising out of this agreement shall be in a court of the District of Columbia and/or in the United States District Court for the District of Columbia." It also states that the Alberses "consent to the jurisdiction of such court or courts with respect to any disputes or litigation arising out of this agreement." Notably, the fee agreement makes no reference to the Alberses' statutory right to arbitration under the MFAA or to any purported waiver of such rights. It simply designates the courts of the District of Columbia as the selected judicial forum for any disputes or litigation arising out of the agreement. Hence, under the terms of the fee agreement itself, the Alberses were not precluded from arbitrating their fee dispute pursuant to the MFAA and from staying any pending judicial action between the parties until the arbitration proceedings were completed.

In sum, the Alberses did not waive their statutory right to arbitration under the MFAA by consenting to a forum selection clause in the fee agreement. The arbitration panel accordingly had jurisdiction to hear the parties' fee dispute and to issue an arbitration award in the Alberses' favor.

## II. The Trial Court's Jurisdiction to Confirm the Arbitration Award

Naegele also contests the state trial court's jurisdiction to confirm the arbitration award based on the forum selection clause in the fee agreement and his filing of a rejection of the award and request for trial after arbitration in the pending federal action. Based on the specific factual and procedural history surrounding the parties' fee dispute and ensuing litigation, we conclude that the trial court did not abuse its discretion in deciding to exercise its jurisdiction in this case.

### A. Relevant Law

The proper judicial forum for adjudicating the Alberses' petition to confirm the arbitration award involves consideration of both the forum selection clause in the parties' fee agreement and the procedural requirements of the MFAA. In California, "forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable." (*Smith,*

18

*Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 496 (*Smith*).)  However, contrary to Naegele's contention, an agreement to litigate a dispute in a forum outside California does not deprive California courts of subject matter jurisdiction.  It merely empowers the court to decline to exercise its jurisdiction under the circumstances of the case.  (*Miller-Leigh LLC v. Henson* (2007) 152 Cal.App.4th 1143, 1149; see also *Smith*, *supra*, at p. 495 [while "parties may not *deprive* courts of their jurisdiction over causes by private agreement[,] . . . courts possess discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum"].)

"California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy."  (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 12.)  In addition, because California has a strong interest in ensuring its residents an adequate forum for the redress of grievances, "the law generally allows only for a stay, and except in rare circumstances precludes dismissal, of an action filed by California residents."  (*Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 356.)  The proper procedure for seeking enforcement of a forum selection clause is not a demurrer or motion for judgment on the pleadings based on a lack of subject matter jurisdiction.  Rather, it is a motion to stay or dismiss an action on the ground of forum non conveniens pursuant to Code of Civil Procedure section 410.30 or 418.10.  (*Miller-Leigh LLC v. Henson*, *supra*, 152 Cal.App.4th at p. 1149.)  The trial court's ruling on a forum non convenience motion is reviewed for abuse of discretion.  (*Trident Labs, Inc. v. Merrill Lynch Commercial Finance Corp.* (2011) 200 Cal.App.4th 147, 154.)

The MFAA also sets forth specific procedures for a party seeking to either contest or enforce an arbitration award in a judicial forum.  As discussed, a party may challenge a non-binding arbitration award by filing a rejection of the award and request for trial after arbitration in any pending action between the parties, or if no action is pending, by commencing a new action in a court having jurisdiction over the amount in controversy.  (§ 6204, subds. (b), (c).)  A request for trial after arbitration must be made within 30 days after service of notice of the award.  (*Ibid.*)  A party also may file a petition to confirm,

19

correct, or vacate an arbitration award. (§ 6203, subd. (b).) If an action previously has been filed in any court, the petition "shall be to the court in which the action is pending. . . . If no action is pending in any court, the award may be confirmed, corrected, or vacated by petition to the court having jurisdiction over the amount of the arbitration award. . . ." (*Ibid.*) A petition to confirm an arbitration award must be filed and served within four years after service of the award. (Code Civ. Proc., § 1288.)

**B.      The Trial Court Properly Exercised Jurisdiction Over the Alberses' Petition to Confirm the Arbitration Award.**

At the time the Alberses re-filed their petition to confirm the arbitration award in Los Angeles County Superior Court, there was a pending action between the parties in the United States District Court for the District of Columbia. Therefore, irrespective of any forum selection clause in the fee agreement, the Alberses ordinarily would have been required to file their petition in the pending federal action pursuant to section 6203, subdivision (b). However, as discussed in more detail below, this was not an ordinary case. Due to the tangled procedural history of the federal action, the Alberses were effectively precluded from seeking enforcement of the arbitration award in that action within the four-year statute of limitations, and were left with no reasonable alternative but to re-file their petition to confirm the award in a state court proceeding.

Specifically, when the arbitration panel served the parties with the notice of the arbitration award on January 24, 2005, a stay of the federal action was in effect. The federal district court had ordered the parties to submit a joint status report within 30 days of completion of the arbitration proceedings and not to file any other motions in the case until directed by the court. On February 22, 2005, within 30 days of service of the notice of the award, Naegele filed his rejection of the award and request for trial after arbitration in the federal action. On March 24, 2005, following the parties' submission of the joint status report, the federal court decided that the case should progress "through a more conventional schedule" and ordered the Alberses to file a responsive pleading to Naegele's complaint. In response, the Alberses timely filed a motion to dismiss the

federal action for lack of personal jurisdiction and subject matter jurisdiction. The federal court then denied Naegele's request for trial without prejudice in light of the Alberses' pending motion to dismiss, but did not thereafter rule on the Alberses' motion. Instead, at Naegele's request, the federal court stayed the action on June 6, 2006, and despite the Alberses' subsequent efforts to move the case forward, that stay remained in effect for the next three years.

On April 14, 2008, prior to re-filing their petition to confirm the arbitration award in state court, the Alberses moved to lift the stay of the federal action. However, the federal court did not rule on the Alberses' motion to lift to the stay or on their still pending motion to dismiss for lack of jurisdiction. After another nine months passed without a ruling from the federal court, the Alberses were faced with a procedural dilemma. The statute of limitations for filing the petition to confirm the arbitration award was set to expire in late January 2009. The Alberses could not re-file their petition in the pending federal action because that action was stayed and the federal court still had not ruled on their motion to lift the stay. The federal court also had not made any ruling on the motion to dismiss and the Alberses continued to contest the jurisdiction of the federal court. Under these circumstances, the Alberses properly took action to preserve their rights by re-filing their petition to confirm the arbitration award in a state court with jurisdiction over the controversy. The Alberses thus filed the instant petition in Los Angeles County Superior Court on January 13, 2009, which was within the limitations period, and two days later, filed a second motion in the federal action to lift the stay.

Furthermore, as of February 8, 2012, when the trial court granted the Alberses' petition to confirm the arbitration award, it appeared that the federal action was nowhere close to being adjudicated. Although the federal court had lifted the stay of the action two and a half years earlier in June 2009, it still had not ruled on Alberses' motion to dismiss for lack of jurisdiction or made any further orders in the case. As previously discussed, the public policy behind the MFAA was to provide clients, at their option, with an efficient and inexpensive method for resolving fee disputes with their attorneys. Yet after nine years of litigation in a forum outside California, the resolution of the

Alberses' fee dispute with Naegele had proven to be neither efficient nor inexpensive.  In light of California's substantial interest in regulating the enforcement of MFAA awards and in ensuring its residents an adequate judicial forum, the trial court reasonably could find that requiring the Alberses to file their petition in the pending federal action was unreasonable under the circumstances of the case.  The trial court's refusal to enforce the forum selection clause in the fee agreement was accordingly not an abuse of discretion.

Naegele also argues that the trial court was precluded from taking any action on the Alberses' petition because his filing of a rejection of the arbitration award and request for trial in the federal action somehow "removed" the California action to federal court.  Given that Naegele commenced his suit against the Alberses in federal court and there was no California action pending at the time he filed his request for trial in the federal action, Naegele's removal argument has no merit.  In addition, the federal court denied Naegele's request for trial (albeit without prejudice) in August 2005, and Naegele did not file a motion for reconsideration of that ruling until April 2012, two months after the state court confirmed the arbitration award.  Consequently, there was no request for trial pending before the federal court at the time the state court granted the Alberses' petition.

Moreover, Naegele cannot show how he was prejudiced by the trial court's refusal to stay the California action pending the outcome of the federal suit.  Following the state court's order confirming the arbitration award, the federal court denied Naegele's motion for a stay of the California proceedings.  Shortly thereafter, the federal court also denied Naegele's renewed request for trial after arbitration based on a finding that he willfully failed to appear at the arbitration hearing within the meaning of section 6204, subdivision (a).  The state court previously had made a similar implied finding when it denied Naegele's motion for judgment on the pleadings.  As a result, regardless of where the Alberses filed their petition to confirm the arbitration award, both the federal district court and the state trial court agreed that Naegele was not entitled to a trial de novo after arbitration and that the award issued by the arbitrators was binding.  Under these circumstances, Naegele has failed to demonstrate any reversible error in the state trial court's decision to exercise jurisdiction.

## III. The Statute of Limitations on the Petition to Confirm the Arbitration Award

Naegele next asserts that, even if the state trial court had jurisdiction to hear the Alberses' petition to confirm the arbitration award, the petition was time-barred as a matter of law by the four-year statute of limitations set forth in Code of Civil Procedure section 1288. While it is undisputed that the Alberses failed to serve Naegele with their re-filed petition within the limitations period, we conclude that the trial court did not abuse its discretion in granting equitable relief from the untimely service.

### A. Relevant Law

Section 1288 of the Code of Civil Procedure provides as follows: "A petition to confirm an award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner. A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on petitioner." Where a party fails to comply with the time limitations of the statute, a court may exercise its inherent equitable power to grant relief from the untimely filing or service. (*Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739, 746; *Shepherd v. Greene* (1986) 185 Cal.App.3d 989, 994; *De Mello v. Souza* (1973) 36 Cal.App.3d 79, 85.)

In particular, a court may grant equitable relief "if, due to the fraud of the opponent or by his own mistake, the aggrieved party was deprived of a fair adversary hearing and was prevented from presenting his [or her] claim or defense." (*De Mello v. Souza*, *supra*, 36 Cal.App.3d at p. 85.) In such a case, the aggrieved party also must show a satisfactory excuse for not having made the claim or defense earlier and diligence in seeking relief after discovery of the facts. (*Ibid*.) Additionally, under the doctrine of equitable tolling, a court may "suspend or extend the statute of limitations as necessary to ensure fundamental practicality and fairness." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370.) Application of the equitable tolling doctrine requires (1) timely notice of the claim to the defendant within the statutory period, (2) lack of prejudice to the defendant in gathering and preserving evidence for its defense, and (3) reasonable and

23

good faith conduct on the part of the plaintiff in pursuing the claim. (*Addison v. State of California* (1978) 21 Cal.3d 313, 316; *Downs v. Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1100.) We review a trial court's decision to grant or deny equitable relief for abuse of discretion. (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230.)

**B.** **The Trial Court Properly Granted the Alberses Equitable Relief From Their Failure to Timely Serve the Petition.**

Considering the totality of the record in this case, the trial court acted well within its discretion in granting the Alberses equitable relief from their untimely service of the petition. As the trial court observed, the Alberses timely filed and served their original petition to confirm the arbitration award by April 2005, approximately two months after service of the award. Therefore, long before the statute of limitations expired, Naegele was on notice that the Alberses intended to seek enforcement of the arbitration award and to argue that Naegele was not entitled to a trial de novo based on his willful failure to appear at the arbitration hearing. After Naegele demanded that the petition be withdrawn in light of his pending request for trial and further threatened to seek sanctions against the Alberses if they failed to do so, the Alberses agreed to dismiss their petition without prejudice pending the federal court's ruling on their motion to dismiss for lack of jurisdiction. The Alberses also informed Naegele of their intent to re-file the petition in California if their motion to dismiss was granted.

For the reasons previously discussed, the Alberses did not re-file the petition to confirm the arbitration award until January 13, 2009, shortly before the expiration of the statute of limitations. Although the Alberses timely filed that petition, they were unable to locate Naegele to serve him with a copy within the limitations period. The Alberses' attorney submitted a declaration to the trial court in which he detailed his year-long effort to locate and serve Naegele, and based on such evidence, the trial court reasonably could find that Naegele had evaded service. On appeal, Naegele insists that he never attempted to evade service and had no basis for knowing that the Alberses intended to file a second

petition.  However, it was the exclusive province of the trial court to resolve conflicts in the evidence and to determine the credibility of witnesses, and it is not the role of this court to second-guess the trial court's credibility determinations.  (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 334; *Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1204.)  On this record, there was substantial evidence to support the trial court's conclusion that, based on the respective actions of the parties, the Alberses were entitled to equitable relief from their delayed service of the petition.  The petition accordingly was not time-barred.

## DISPOSITION

The judgment is affirmed.  The Alberses shall recover their costs on appeal.


ZELON, J.


We concur:



PERLUSS, P. J.



SEGAL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.