Filed 1/24/24  Rodrigo v. Truxas Sales CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| EMILIO FLORES RODRIGO et al., | |
| Cross-complainants and Respondents, | G061979 |
| v. | (Super. Ct. No. 30-2021-01227759) |
| TRUXAS SALES, INC. | O P I N I O N |
| Cross-defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Reversed and remanded with directions.

Law Offices of Moses S. Bardavid and Moses S. Bardavid for Cross-defendant and Appellant.

Mastin Law Firm and Gary E. Mastin for Cross-complainants and Respondents.

\*          \*          \*

Emilio Flores Rodrigo and Benita Flores (the Floreses) filed a cross-complaint for breach of contract, fraud, and unjust enrichment arising out of a contract to purchase a dump truck.  Truxas Sales, Inc. (Truxas), which is in Texas, filed a motion to quash service of summons, arguing California lacked personal jurisdiction over Truxas.  The court not only denied the motion but imposed sanctions in the amount of approximately $9,000.  Truxas appeals from the award of sanctions.

Truxas operates a store in California and sells trucks from a California location.  Truxas not only omitted any mention of these facts, but it *concealed* them by scrubbing its Web site of any information about California locations.  Fortunately, the Floreses' attorney had already downloaded copies of the earlier version of the Web site.  Moreover, the sale of the dump truck was to a party in California *and was delivered to California*—a fact that Truxas misrepresented in its motion to quash, stating the truck was picked up in Texas.  These were critical facts on the issue of personal jurisdiction.  Their omission and misrepresentation rendered the motion to quash factually frivolous and subject to sanctions under Code of Civil Procedure section 128.7, subdivision (c).[1]

However, we will reverse to comply with a technical requirement.  Section 128.7, subdivision (e), states, "When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed."  The court did not do this.  And though we can make an educated guess as to what the court's rationale was, we judge it the better practice to remand for the court to make it explicit.

---

[1]        All statutory references are to the Code of Civil Procedure.

FACTS

The underlying lawsuit was initiated by Engs Commercial Finance, Co. (Engs Commercial Finance) against the Floreses. The Floreses' cross-complained against Truxas. The pleadings have not been made a part of our record, but based on the court's ruling on a demurrer, which is part of our record, the cross-complaint against Truxas asserts causes of action for breach of contract, fraud, and unjust enrichment arising from the sale and financing of a dump truck by Truxas to Emilio.

Our factual record comes primarily from the Floreses' motion for sanctions, which was in response to an earlier motion by Truxas to quash service of summons. Truxas's motion to quash raised three arguments. First, Truxas argued that a forum selection clause in favor of Texas precluded litigation in California. Second, Truxas argued that California lacked general jurisdiction. In support of that argument, Truxas asserted that its principal place of business is in Texas. Truxas attached a search engine screenshot of an online search for Truxas, which displays a Texas address, as well as a screenshot of its Web site, which also displays a Texas address. Finally, Truxas argued there was no specific jurisdiction because the truck was sold from Texas and Emilio "picked up the truck in Texas." Truxas did not provide any substantive declarations to support any of the foregoing factual claims in support of its motion.

The Floreses responded with a motion for sanctions, asserting that the motion to quash was frivolous. In support of the motion, they filed a declaration from Emilio describing the following facts.

Emilio is a native Spanish speaker who does not speak English. He operates a family-run hauling company. In August 2020, he contacted Truxas about purchasing a dump truck. A Spanish-speaking sales representative from Truxas offered to sell him a dump truck with a *manual* transmission, which was an important deal point for Emilio. On October 5, 2020, Emilio made a $25,000 down payment by wire transferring funds from his California bank account. At the sales representative's recommendation, Emilio financed the remainder with Engs Commercial Finance. Emilio was informed that the dump truck would be delivered to his home in Garden Grove, California, sometime in October 2020.

Several weeks passed with no delivery. On December 31, 2020, the sales representative texted Emilio with an ultimatum: sign a form stating that the dump truck was being sold "as-is" with no dealer warranty, or Truxas would refuse to deliver the truck. By this time Emilio was out both his down payment and multiple installment payments, plus he needed the truck for hauling jobs. Feeling he had no choice; he signed the form. The form was never translated into Spanish, and Emilio did not understand what he was signing.

On February 11, 2021, a dump truck was delivered to Emilio's home. However, it was the wrong truck: it had an automatic transmission. At this point, Emilio stopped making installment payments, and Engs Commercial Finance eventually repossessed the truck.

In addition to Emilio's declaration, the Floreses included a declaration from their attorney. Their attorney authenticated a screenshot from the Truxas Web site, accessed on February 4, 2022, showing that Truxas had a "West Coast" office with an 818 area code, and also had multiple trucks for sale located in Sylmar, California. However, when the attorney went to access the information on the Web site in April 2022, Truxas had removed all mention of the West Coast office as well as the 818 phone

4

number.  Nevertheless, when calling the 818 number, it continued to have a voice mail recording identifying the number as Truxas's number.

The court denied the motion to quash and granted the Floreses' motion for sanctions.  On the motion for sanctions, the court issued a terse minute order which simply stated:  "Truxas' Motion to Quash was previously denied; Grant discovery sanctions in the amount of $9,000 of atty fees and $72.60 in costs payable by Truxas to Cross-Complainants, payable within 30 days."  There was no court reporter at the relevant hearings.  Truxas appealed from the sanctions order.

DISCUSSION

Section 128.7, subdivision (b), provides, "By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:  [¶] (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.  [¶]  (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  [¶]  (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  [¶]  (4)  The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." (*Ibid*.)  "Under . . . section 128.7 and rule 11, there are basically three types of submitted papers that warrant sanctions: factually frivolous (not well grounded in fact); legally frivolous (not warranted by existing law or a good faith argument for the extension, modification, or reversal of

5

existing law); and papers interposed for an improper purpose." (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 167.)  We review an award of sanctions under section 128.7 for abuse of discretion.  (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 441.)

The argument presented by the motion for sanctions was primarily directed at the motion to quash being *factually* frivolous.  Not only did the motion omit crucial and obviously relevant information (that Truxas has a California office, a local phone number, and sells trucks from California locations), but Truxas *concealed* that information by scrubbing it from their Web site.  Moreover, the motion to quash affirmatively misrepresented that the truck had been picked up in Texas, when, according to the only relevant declaration submitted with these motions, it was delivered to California.  These were critical facts in determining whether California has personal jurisdiction over Truxas.  Under these circumstances, it was highly telling that Truxas submitted no declarations to support its factual assertions in the motion, and this is something that should have been an obvious red flag for Truxas's attorney.  Similarly, on appeal Truxas has made no effort to explain its conduct, nor has it attempted to reckon with the legal consequences of the actual factual record on personal jurisdiction.  Truxas's omissions and misrepresentations easily supported a finding that the motion to quash was factually frivolous.[2]

---

[2]  In the motion to quash, Truxas also relied on a "forum selection clause" in the "as-is" warranty form, which stated, "The customer agrees as a condition of doing business with Truxas Sales, Inc., a Texas corporation, that this transaction and its enforcement shall be governed by the laws of the State of Texas.  Customer therefore waives any right to request a change of venue to another jurisdiction."  Aside from the fact that no declarant with personal knowledge authenticated a signed version of this contract, and aside from the problematic wording of this provision (it is clearly a choice of law provision; whether it is a forum selection clause is up for debate), and aside from the troubling circumstances under which the "as-is" warranty was signed, the argument suffered from a fatal flaw:  Truxas cited no authority for the proposition that parties may, by contract, deprive a state of personal jurisdiction.  Quite the opposite is true.  (*Miller-Leigh LLC v. Henson* (2007) 152 Cal.App.4th 1143, 1149 ["The issues relating to a forum selection clause are distinct from the questions of subject matter jurisdiction.  The

However, Truxas does raise one argument that, though a technicality, is correct and will require us to remand for further findings. Section 128.7, subdivision (e), states, "When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed." The court did not do this in its minute order. Indeed, it confused matters somewhat by describing the award as "discovery sanctions." Moreover, the court did not decide the motion at the hearing; instead, it took the matter under submission and decided it "later in the PM." Thus the court presumably did not describe the sanctionable conduct at the hearing either. Accordingly, we will reverse and remand for the court to comply with subdivision (e). However, we emphasize that this is a mere technical reversal and that the conduct described by the Floreses' motion for sanctions is indeed sanctionable conduct pursuant to section 128.7.

---

existence of a forum selection clause does not mean that another forum lacks subject matter jurisdiction, and therefore a party seeking to enforce a forum selection clause cannot do so by means of a demurrer asserting lack of subject matter jurisdiction"].)

## DISPOSITION

The September 28, 2022, award of sanctions in the amount of $9,072.60 is reversed.  On remand, the court may, in its discretion, reinstate the sanctions award, provided that it enters findings in compliance with section 128.7, subdivision (e).  The parties shall bear their own costs on appeal.[3]


SANCHEZ, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.

---

[3]  The Floreses' motion for summary affirmance is denied.  The motion was predicated on their inability to file a brief as of the time the motion was filed.  They were subsequently able to file their brief, and thus the motion is moot.

The Floreses' motion for sanctions filed on August 8, 2023, is denied without prejudice to them raising the same requests in a motion for sanctions filed in the trial court.

8